■  In the Matter of GUARDIAN CAPITAL CORP., Doing Business as RA-MADA INN and CABARET, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated January 10, 1975, which modified and, as so modified, affirmed an order of the State Division of Human Rights, dated June 18, 1974, and cross motion by respondent to enforce the order of the appeal board. The employment of Gregory C. Wilson as a food server in petitioner's dining facility was terminated on July 18, 1972 under circumstances and for reasons identical with those described in *Matter of Guardian Capital Corp. v New York State Div. of Human Rights* (46 AD2d 832). Like the complainant Plebani in that case, Wilson was not fired for any deficiency in the performance of his duties, but solely because petitioner had decided to replace its staff of waiters with waitresses. Wilson complained that this action amounted to proscribed sex discrimination under section 296 of the Executive Law and a hearing was thereafter conducted by respondent on November 19, 1973. Respondent's order of June 18, 1974 issued as a result of that hearing, found that petitioner had violated that section and directed it to take certain affirmative remedial action. With a modification not presently challenged, the State Human Rights Appeal Board affirmed that order on January 10, 1975 and this proceeding ensued. Petitioner contends that Wilson's complaint was not timely filed within one year of the alleged discriminatory practice (Executive Law, § 297, subd 4). However, the record contains both documentary and testimonial proof supporting the determination that the complaint was duly filed with respondent on July 10, 1973. Petitioner also attacks the substantive determination which disallowed its claimed *bona fide* occupational qualification exception. While our prior decision in *Matter of Guardian Capital Corp. (supra)* deliberately avoided consideration of whether such an exception could ever be predicated upon objective standards of business profitability, it does stand for the proposition that petitioner there failed to produce sufficient evidence to establish any exception as it related to the waiter Plebani. Since the circumstances in regard to Wilson's termination are identical and petitioner did not adduce any significantly different financial proof at the hearing on this complaint, *Matter of Guardian Capital Corp. (supra)* must control our decision of this proceeding on that issue. Petitioner raises one other matter worthy of comment, namely, that it has been prejudiced by respondent's delays in processing the Wilson complaint which was filed after respondent had already found unlawful discrimination existed in the case of Plebani. Although Wilson's hearing was completed on November 19, 1973, respondent issued no determination thereon until June 18, 1974, well after appeal board resolution of the Plebani complaint. In addition, the appeal board, having already decided

nearly identical issues in Plebani, rendered no opinion regarding Wilson until January 10, 1975, well after this court's decision in *Matter of Guardian Capital Corp. (supra).* No reason or excuse for these apparent delays is even offered by respondent. Since we are required to hear and determine these proceedings as expeditiously as possible (Executive Law, § 298), it does not seem unreasonable to expect respondent to promptly comply with the various specific time schedules enjoined upon it by law (Executive Law, § 297). Nevertheless, since these timetables are directory and not for the benefit of violators, and since petitioner has not demonstrated that substantial prejudice accrued to it as a result of these delays, we are constrained to conclude that no relief may be afforded petitioner on this basis *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371; *Hillside Housing Corp. v State Div. of Human Rights,* 44 AD2d 539). We have examined petitioner's other arguments and find them to be without merit. Accordingly, its petition must be dismissed. Respondent's cross motion for an order of enforcement should be granted *(Matter of Guardian Capital Corp. v New York State Div. of Human Rights,* 46 AD2d 832, *supra;* cf. *Bethlehem Steel Corp. v New York State Div. of Human Rights,* 36 AD2d 566). Petition dismissed, and cross motion granted, without costs. Herlihy, P. J., Kane, Main and Larkin, JJ., concur; Greenblott, J., not taking part.