■ · 121-129 BROADWAY REALTY INC., et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding, pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated March 11, 1975, which affirmed an order of the State Division of Human Rights, (1) finding that petitioners had discriminated against the complainant; (2) directing that petitioners rehire complainant, with back pay to March 19, 1972; and (3) awarding complainant the sum of $500 for mental anguish and humiliation. The complainant answered a classified ad in the newspaper placed therein by the corporate petitioner for a "SALESWOMAN". She was hired for the job on February 29, 1972 and worked for approximately three weeks when she was dismissed on March 18, 1972. On March 20, 1972 she filed a complaint with respondent State Division of Human Rights against the corporate petitioner and its assistant and general manager, petitioner Smith, for an unlawful discriminatory practice. Her complaint charged that on March 18, 1972 the store manager told her he had been instructed by petitioner Smith to notify complainant of her termination, effective immediately, "stating that they felt it would be better to have two men at the store, rather than one man and one woman"; that on March 20, 1972 complainant telephoned petitioner Smith and asked him to verify such termination; that she asked him if his decision had been that a male would be more suitable in the position, and he replied, " 'Yes'." Petitioner Smith subsequently testified at a hearing that complainant was discharged because her work was unsatisfactory and he answered "yes" to her question, "was she being replaced because we needed a man in the job", because he felt this was the easiest way to let her down. Petitioners contend that complainant's dismissal was based solely on her sales ability and had nothing to do with her sex. We conclude from an examination of the record in its entirety that the board's order, which affirmed the finding of discrimination on the part of petitioners, is supported by substantial evidence and should not, therefore, be disturbed. As for the award of back pay to March 18, 1972, the question is whether such award on this record was so arbitrary or capricious as to constitute an abuse of discretion and thus to be erroneous as a matter of law. *(Matter of Mize v State Div. of Human Rights,* 33 NY2d 53.) In our opinion, the award of back pay to March 18, 1972 constituted such an abuse of discretion. The undisputed proof was that although complainant was not physically prevented

from doing so, she made no attempt to obtain other employment until sometime in August, almost five months after she had been discharged by petitioner. Complainant's duty to mitigate her damages was breached (13 NY Jur, Damages, §§ 30, 31). Under the circumstances, the Commissioner's award of back pay to March 18, 1972 was arbitrary and capricious. The order should be modified to provide for back pay to August 1, 1972 only. As for the award of $500 as damages for mental anguish and humiliation, there is insufficient proof in the record to support it. There should be such evidence of this claim as would be sufficient in a common-law action. (See *Batavia Lodge No. 196 Loyal Order of Moose v New York State Div. of Human Rights,* 43 AD2d 807, 810; *Matter of State Div. of Human Rights v Luppino,* 35 AD2d 107, 113, affd 29 NY2d 558.) Complainant's unsupported testimony that she was not able to seek other employment because she was hurt and emotionally upset and that she was hurt because she had been discriminated against is clearly insufficient to sustain the award for mental anguish, and it must, therefore, be deleted from the order. Petition granted to the extent of modifying the order of the appeal board, on the law and the facts, so as to limit the period of back pay to August 1, 1972, and so as to strike the award of $500 as damages for mental anguish and humiliation, and, as so modified, confirmed, without costs; cross application granted, without costs, and order, as herein modified, directed to be enforced. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.