121–129 BROADWAY REALTY, INC., et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

Third Department, November 28, 1975

*L. Anthony Basile* for petitioners.

*Henry Spitz (Lawrence Kunin* of counsel), for New York State Division of Human Rights, respondent.

*Geraldine Sanders,* respondent *pro se.*

SWEENEY, J. This is a proceeding, pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated March 11, 1975, which affirmed an order of the State Division of Human Rights, (1) finding that petitioners had discriminated against the complainant; (2) directing that petitioners rehire complainant, with back pay to March 19, 1972; and (3) awarding complainant the sum of $500 for mental anguish and humiliation.

This case was previously considered by this court (48 AD2d 975). The facts are amply set forth in that decision wherein we held, among other things, that there was insufficient proof to support an award of $500 as damages for mental anguish and humiliation. In making that determination we relied on *Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights* (43 AD2d 807) for authority that the proof required was that which would be sufficient in a common-law action to establish mental anguish. On appeal of the *Batavia* case the Court of Appeals rejected this standard of proof (35 NY2d 143). The court indicated its general agreement with the dissenters in the Appellate Division and the standards which they have spelled out, namely, (1) a showing of intentional discrimination; (2) credible testimony with respect to the claimed mental anguish; (3) corroboration, either by competent medical proof or by the circumstances of the case which afford some guarantee of the genuineness of a claim for mental anguish.

We granted reargument, and the only issue which we now consider is whether the proof was sufficient to sustain the award of damages for mental anguish and humiliation. A resolution of this issue requires an examination of the record in light of the standards pronounced by the Court of Appeals in *Batavia.* The only proof offered on the question of damages for mental anguish and humiliation was furnished by claimant. She testified, "I felt very, very hurt. I felt mistreated. I felt I had been dealt with very unfairly." She also testified that on another occasion she became sick and had to go home, and that during one period of time she was unable to do her housework.

Initially, we note that in our previous decision it was determined that there was unlawful discrimination and we

awarded back pay. The testimony of claimant as to how she felt as a result of being fired, while uncorroborated by medical testimony, is credible and understandable under the circumstances. In assessing the proof it is most significant that recovery is based on a statute intended to express a policy against discrimination. Consequently, we conclude that the record in its entirety establishes that complainant has met the standards promulgated in the *Batavia* case *(supra)* and is entitled to damages for mental anguish and humiliation. The amount of $500, however, is excessive and is reduced to $100.

Upon reargument, the petition should be granted to the extent of modifying the order of the appeal board, on the law and the facts, so as to limit the period of back pay to August 1, 1972, and so as to reduce the award for mental anguish and humiliation from $500 to $100, and, as so modified, confirmed, without costs; the cross application should be granted, without costs; and the order, as herein modified, directed to be enforced.

HERLIHY, P. J., KANE, LARKIN and REYNOLDS, JJ., concur.

Upon reargument, petition granted to the extent of modifying the order of the appeal board, on the law and the facts, so as to limit the period of back pay to August 1, 1972, and so as to reduce the award for mental anguish and humiliation from $500 to $100, and, as so modified, confirmed, without costs; cross application granted, without costs, and order, as herein modified, directed to be enforced.