■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v ALPERT'S FURNITURE WAREHOUSE & SHOWROOMS, INC., Respondent, et al., Intervenor. — Petition unanimously granted, without costs, and matter remitted to State Commissioner of Human Rights, in accordance with the following memorandum: Petitioner, State Division of Human Rights (SDHR), seeks an order pursuant to section 298 of the Executive Law enforcing an April 10, 1981 order issued by the Commissioner of Human Rights. Last year, this court unanimously confirmed a determination of the Human Rights Appeal Board affirming the Commissioner's order (*State Div. of Human Rights v Alperts Furniture Warehouse & Showrooms,* 94 AD2d 981). A motion by respondent to reargue the damage issue was denied by this court. Petitioner specifically seeks to enforce the back pay and reinstatement provisions of the order and interest on compensatory damages awarded to complainant.

Petitioner seeks $45,900.31 in adjusted total back pay calculated pursuant to a formula provided for in the Commissioner's order. Due to respondent's failure to provide certain payroll information, petitioner's calculations assume certain levels of

commission and bonus earnings. Petitioner argues that we should accept these figures as accurate because respondent has persistently refused to make any effort to compute or satisfy the back pay award. Examination of petitioner's calculations, however, reveals that vacation pay was double counted and also that, contrary to the Commissioner's order, no reduction has been made for unemployment compensation received during the back pay period.

Respondent's counsel has belatedly supplied certain purported commission and bonus data in his most recent affidavit. He claims that respondent's failure to compute the back pay award was due to the complainant's failure to provide necessary earnings and unemployment compensation data and, when this information was provided, respondent paid complainant $26,533.35, the amount it calculated was due under the back pay award. Upon examination of the record, we find respondent's commission and bonus information unsatisfactory, not only because it is incomplete but also because it is not verified by a corporate agent with personal knowledge. Respondent's counsel's affidavit containing this information was made without personal knowledge and is of no probative value (*Marine Midland Bank v Hall,* 74 AD2d 729; Siegel, NY Prac, § 281). Nevertheless, because the delay in compliance with the Commissioner's order is not entirely attributable to respondent, we hold that the petition for enforcement is granted as follows: respondent shall within 20 days submit to the Commissioner of the State Division of Human Rights verified information as to the average commission payment and average additional wage payment pursuant to the guaranteed annual wage provision of the Buffalo Sales Compensation Plan made to respondent's Williamsville Store furniture salespersons between September 13, 1977 and April 14, 1980, that the Commissioner shall allow complainant and respondent an opportunity to submit proof as to these payments and to be heard and, thereafter, that the Commissioner shall issue an order determining the back pay and interest due complainant in accordance with the Commissioner's April 10, 1981 order; complainant shall be offered reinstatement including reasonable and necessary retraining, in accordance with the Commissioner's April 10, 1981 order; and complainant shall be paid judgment interest on the $1,500 compensatory damages award from April 10, 1981 to November 4, 1983. (Proceeding pursuant to Executive Law, § 298.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.