■ In the Matter of the NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of MARY V. BICE, Petitioner, v PARKVIEW AUTO SALES, INC., Respondent. [616 NYS2d 113] — Petition unanimously granted in part without costs and matter remitted to New York State Division of Human Rights for further proceedings in accordance with the following Memorandum: There is substantial evidence in the record to support the determination made by the Commissioner (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182), as well as the award of $125,000 for compensatory damages for mental anguish and humiliation (see, Matter of New York City Tr. Auth. v State Div. of Human Rights, 181 AD2d 891, 894-895, amended 185 AD2d 889, lv denied 80 NY2d 762; Matter of Alverson v State Div. of Human Rights, 181 AD2d 1019; 121-129 Broadway Realty v New York State Div. of Human Rights, 49 AD2d 422, 423).

Complainant seeks to enforce the award of $125,000 for mental anguish and humiliation and $25,620 for back pay. The award of back pay was based upon projections rather than the actual salary and benefits earned in 1992 and 1993 by a former co-worker of complainant in the parts department of Parkview Auto Sales, Inc. (Parkview); her co-worker's salary was identical to complainant's when complainant left the

employ of Parkview. Further, the award of back pay must be reduced by the amount of unemployment compensation that complainant received during the period covered by the award *(see, Pioneer Group v State Div. of Human Rights,* 174 AD2d 1041, 1042; *State Div. of Human Rights v Alpert's Furniture Warehouse & Showrooms,* 105 AD2d 1133, 1134). Therefore, the determination is modified and the petition of Parkview to annul the determination is granted to the extent that the amount of the award of back pay is vacated and the matter is remitted to the New York State Division of Human Rights (Division) to determine the amount of back pay to which complainant is entitled, based upon the difference between her salary and benefits and those of her co-worker in 1992 and 1993, as reduced by the amount of unemployment compensation received by complainant during the period covered by the award, and to conduct a hearing thereon if it is so advised. The petition of the Division to enforce the determination is granted except to the extent that it sought enforcement of the award of back pay and the matter is remitted as herein stated. (Proceeding Transferred Pursuant to Executive Law § 298 by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.