In the Matter of MICHAEL A. RICHARDS et al., Respondents, *v.* ROBERT J. MANGUM, as Commissioner of the New York State Division of Human Rights, et al., Appellants.

Fourth Department, September 25, 1970.

Henry Spitz for Robert J. Mangum, appellant.

Francis E. Calvaruso for respondents.

Per Curiam. Petitioners are the owners of a two-family residential property in Rochester. In March, 1969 they occupied one apartment and leased the other. In May, 1969 petitioners moved from the apartment and advertised that it was for rent. Thereafter a non-Caucasian filed a complaint with the State Division of Human Rights (Division) alleging discrimination against him in violation of the statute (Executive Law, § 296, subd. 5). The Division determined that it had jurisdiction and set the matter for a hearing (Executive Law, § 297, subd. 4).

Thereafter this proceeding was commenced in Supreme Court to restrain the Division from proceeding with the hearing. Special Term directed a judicial hearing to determine whether at the time of the alleged discriminatory practice the premises were exempt (Executive Law, § 296, subd. 5, par. [a]) because petitioners resided in one of the two-family housing accommodations. Following the hearing the court made a factual finding that on the crucial date petitioners " were residing " at subject premises. Thereon the court made an order prohibiting the Division from proceeding in the matter and dismissed the proceeding pending before the Division. The latter appeals.

Respondents submit no brief but by letter from their attorney agree with the contention of appellant that an owner-occupied two-family dwelling is not exempt under the statute where the owner seeks to lease the apartment wherein he resides.

It follows that the order must be reversed. In any event the judicial proceeding should not have been entertained. The statute (Executive Law, art. 15) envisions an administrative proceeding before the Division. A party dissatisfied with the determination of the Commissioner may appeal to the State Human Rights Appeal Board (Executive Law, § 297-a, subd. 6,

126

par. c). Judicial review is available only from an order of the Appeal Board (Executive Law, § 298).

This procedure is consistent with the policy of requiring exhaustion of administrative remedies before resort to judicial review. The dual functions of this requirement are to conserve judicial resources and to protect the integrity of administrative hearings, determinations and appeals (2 Cooper, State Administrative Law, pp. 562–565; Jaffe, Judicial Control of Administrative Action, p. 424).

The facts herein do not bring the case within any of the recognized exceptions to this rule (cf. *Matter of Brown* v. *Tofany*, 33 A D 2d 984) particularly in the light of the present concession of petitioners that the Division had statutory authority to assume jurisdiction of the complaint.

The order should be reversed and the petition dismissed.

DelVecchio, J. P., Witmer, Gabrielli, Moule and Bastow, JJ., concur.

Order unanimously reversed, with costs and petition dismissed.