STATE DIVISION OF HUMAN RIGHTS, on Complaint of FREDA SALAMY, Respondent, *v.* GUS RINAS et al., Petitioners.

Fourth Department, October 26, 1973.

*Bayer & Dupee* (*David F. Lawlor* of counsel), for petitioners.

*Henry Spitz* (*Howard Hertzberg* of counsel), for respondent.

*Per Curiam.* Complainant filed complaint on March 26, 1970 against respondents, alleging discrimination in rental practice. A hearing was held thereon on August 12, 1970 and on December 24, 1971 the Hearing Examiner made his determination sustaining the charge of discrimination, and the division's order thereon was made that day. Respondents took timely appeal therefrom to the Appeal Board in January, 1972. That board heard the appeal on March 13, 1972, and on March 29, 1973 it affirmed the division's determination and order. Pursuant to section 298 of the Executive Law respondents duly petitioned this court for review of the Appeal Board's order.

Although the record reveals several good reasons why respondents could have decided not to rent their premises to complainant, it also contains sufficient evidence to support the division's determination and order that respondents in fact declined to rent to her because one of her two girl friends, associated with her in the proposed occupancy, was black. Except for the inordinate delay in processing the complaint herein, we would therefore confirm the order.

Paragraph a of subdivision 4 of section 297 of the Executive Law provides that within 60 days after a complaint is filed the division, if it entertains the complaint, shall serve notice thereof upon the respondent and fix a date therein for a hearing within 5 and 15 days thereafter. In this case such hearing should have been held, therefore, no later than June 10, 1970, but was held two months later, on August 12, 1970.

Paragraph c of subdivision 4 of section 297 of the Executive Law provides that within 20 days after the hearing a determination thereof shall be made and order thereon served upon the parties. Appeal from such order may be taken to the Appeal Board within 15 days (Executive Law, § 297-a, subd. 6, par. c). It is provided in section 298 of that law that an aggrieved party may within 30 days of the order of the Appeal Board petition the Appellate Division of the Supreme Court for enforcement of the order of the division or review of the order of the Appeal Board, and it is further provided that, "All such proceedings shall be heard and determined by the court and by the court of appeals as expeditiously as possible and with lawful precedence over other matters."

As noted above, instead of the determination and order of the division being made in August, 1970 within 20 days after the hearing, it was made 16 months later on December 24, 1971. Although respondents took prompt appeal from that order, the determination thereof, affirming it, was not made until March 29, 1973, over three years after the date of the complaint.

We have held that the time provisions of paragraphs a and c of subdivision 4 of section 297 of the Executive Law are directory and not mandatory (*Matter of Moskal* v. *State of New York, Division of Human Rights,* 36 A D 2d 46, 49). Such interpretation of the statute, however, does not permit the division to ignore completely the specific statutory provisions for timely action. We find that the delays in processing the complaint herein were unconscionable and so flagrant as to be prejudicial in law to the respondents; and that because thereof the order of the Appeal Board should be reversed, the determination of the division vacated and the complaint dismissed.

We note also that since the order of December 24, 1971 could in no event be effective more than two years from its date (*Matter of State Division of Human Rights* v. *Nissenbaum,* 41 A D 2d 1022; *Matter of State Division of Human Rights* v. *Jakoblew,* 41 A D 2d 889), even if the determination and order were sustained, it would have little remaining efficacy.

GOLDMAN, P. J., WITMER, MOULE, SIMONS and HENRY, JJ., concur.

Order of Appeal Board and determination of division unanimously reversed, on the law, and complaint dismissed without costs.