■  In the Matter of 121–129 BROADWAY REALTY, INC., Doing Business as STANDARD FURNITURE RENTALS, et al., Respondents, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, which granted petitioners' application, in a proceeding pursuant to article 78 of the CPLR, to prohibit the New York State Division of Human Rights from taking further proceedings against petitioners in reference to the complaint of Geraldine Saunders.  On March 20, 1972 Geraldine Saunders filed a complaint against petitioners, the merits of which are not presently at issue.  Petitioners were notified of the complaint by the division and on March 30, 1972 a conference was held among petitioners and representatives of the Division of Human Rights.  The petitioners contend that no negotiations for conciliation took place, while the representatives of the division maintain that they did participate in discussions which it was hoped would lead to a conciliation agreement.  In any event, no finding of probable cause was made and no notice of hearing was served by the division until December 12, 1972 and no hearing was scheduled until February 11, 1973.  After receipt of the notice of hearing, petitioners submitted a verified answer, denying the charge, and raised affirmative defenses which challenged the timeliness of the hearing.  They then commenced this proceeding prior to the hearing date.  Special Term granted the petition upon the ground that the division did not serve the notice fixing the date for hearing upon the petitioners within 60 days as required by section 297 (subd. 4, par. a) of the Executive Law, which reads in relevant part as follows: " Within sixty days after a complaint is filed  *  *  *  unless the division has dismissed the complaint or issued an order stating the terms of a conciliation agreement not objected to by the complainant, the division shall cause to be issued and served a written notice, together with a copy of such complaint, as the same may have been amended, requiring the respondent or respondents to answer the charges of such complaint and appear at a public hearing before a hearing examiner at a time not less than five nor more than fifteen days after such service ".  Special Term held that this time requirement was mandatory and that noncompliance with the 60-day notice divested the division of jurisdiction.  With this we cannot agree.  In construing the requirements of section 297 of the Executive Law, the courts have held that the provision for notification of a hearing was directory and not mandatory (*Matter of Glen Cove Mun. Civ. Serv. Comm.* v. *Glen Cove N. A. A. C. P.*, 34 A D 2d 956; *Matter of Moskal* v. *State of New York, Executive Dept., Div. of Human Rights*, 36 A D 2d 46).  This interpretation is consistent with the general rule of construction which provides that provisions of a statute which direct a public officer to do an act within a certain time are held to be directory only and delay in performance will not invalidate a proceeding or terminate jurisdiction unless the statute so provides, and this is particularly true when the acts to be done are for the benefit of the public (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 172).  In addition, whether a statute is framed in mandatory language or not is of slight importance in determining the question of whether or not the act is mandatory or directory (*Munro* v. *State of New York*, 223 N. Y. 208, 214).  The intent of the Legislature as may be gleaned from the entire act and the surrounding circumstances, the purpose of the act, the public policy to be promoted, the results which would obtain if one conclusion were followed to the exclusion of another are the considerations which govern and control (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 172).

The argument that the delay here was unreasonable pales when one observes that Geraldine Saunders could have waited until any time up until March 18, 1973 to file her complaint (Executive Law, § 297, subd. 5), and the Division of Human Rights itself could have filed the complaint against the petitioners at any time during the year following the act or action complained of. The petitioners' other contentions are without merit. Judgment reversed, on the law, without costs, and matter remitted for hearing pursuant to section 297 (subd. 4, par. a) of the Executive Law. Settle order on notice. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.