■ HILLSIDE HOUSING CORPORATION et al., Petitioners, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Determination of the State Human Rights Appeal Board, dated December 14, 1973, insofar as it affirmed an order of the Commissioner of Human Rights, dated June 6, 1972, which found that petitioners had engaged in discriminatory practices and imposed corrective sanctions upon petitioners and granted related relief and which found that petitioners had unlawfully retaliated against the individual complainant, who instituted the original proceedings, unanimously annulled on the law and the complaint against petitioners dismissed. While respondents are endowed with broad investigatory and decision making powers (see Executive Law, § 295 et seq.), we do not deem the actions taken by them with regard to alleged discriminatory rental practices engaged in by petitioners to be justified by any provision of the Executive Law. Respondent, Division of Human Rights, may "upon its own motion * * * test and investigate and * * * file complaints alleging violations of this article and * * * initiate investigations and studies to carry out the purposes of this article" (§ 295, subd. 6, par. [b]), but this does not mean that, while investigating into an individual complaint concerning alleged unlawful discrimination and/or retaliation against said individual, respondents can, in one instance, find that there was insufficient evidence to establish the charge of discrimination against the individual and, at the same time, make broad findings and impose broad sanctions pertaining to petitioners' over-all operations. It must be emphasized that respondents dismissed the complainant's charge that petitioners had discriminated against him by denying him housing accomodations because of his national origin. If respondents wished to challenge petitioners' over-all rental practices they should have followed the procedures set forth in the Executive Law (see § 297). The unique proceedings held herein come well near to denying petitioners their right to due process. Nor are we satisfied that respondents acted in a timely manner herein, in accordance with section 297 (subd. 4, par. c) of the Executive Law. Hearings before the trial examiner were held on April 19, 1971, June 2, 1971,

July 8, 1971, September 13 and 14, 1971 and on October 22, 1971. The Commissioner's order, which is now under review, was not issued for 165 days, or until June 6, 1972. The appeal to respondent appeal board was argued on November 27, 1972 and no decision thereon was handed down for more than a year, or until December 14, 1973. This in no way can be considered timely action and the language in *State Div. of Human Rights* v. *Rinas* (42 A D 2d 388, 390), is applicable here. "We have held that the time provision of paragraphs a and c of subdivision 4 of section 297 of the Executive Law are directory and not mandatory (*Matter of Moskal* v. *State of New York, Division of Human Rights*, 36 A D 2d 46, 49). Such interpretation of the statute, however, does not permit the division to ignore completely the specific statutory provisions for timely action. We find that the delays in processing the complaint were unconscionable and so flagrant as to be prejudicial in law to the respondents; and that because thereof the order of the Appeal Board should be reversed, the determination of the division vacated and the complaint dismissed." Even were we not to find, as above, we would annul because the present record does not justify respondents' findings with regard to retaliation or a discriminatory rental pattern. Our determination is without prejudice to any proceedings respondents may deem necessary or proper to initiate in the future. Settle order on notice. Concur — Kupferman, J. P., Murphy, Capozzoli and Moore, JJ.