■ In the Matter of LIVERPOOL CENTRAL SCHOOL DISTRICT, Respondent, *v.* STATE DIVISION OF HUMAN RIGHTS et al., Appellants.— Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: On October 20, 1971, Bessie Cooper Noble, a black schoolteacher, filed a complaint with the State Division of Human Rights charging her employer, the Liverpool Central School District, with racial discrimination in failing to pay her a salary commensurate with her educational level and in denying her the opportunity to advance to an administrative position. The division commenced an investigation the following day and so advised the district.

Eight months later, on June 21, 1972, the division notified the district that a determination had been made that the division had jurisdiction over the complaint and that there existed probable cause to believe that the district was guilty of the charges lodged against it. The investigation then continued, involving co-ordination between the division's Syracuse regional office and its case control unit in New York City. On July 9, 1973, 21 months after the filing of the complaint and 13 months after probable cause had been found, notice was served on the district that a hearing would be held on the matter. The hearing was scheduled for July 25, 1973 but, after two postponements, it was rescheduled for September 24, 1973, 23 months after the filing of the complaint and two and one-half months after service of the notice. On September 20, 1973, four days before the hearing was to have been held, the district instituted a proceeding under article 78 of the CPLR seeking to prohibit the division from taking any further action against it on the grounds that the division failed to process the complaint within the time limitations imposed upon it by section 297 of the Executive Law. On April 26, 1974 Special Term issued a judgment prohibiting the division from conducting the hearing. Both the division and the complainant have appealed. Subdivision 2 of section 297 of the Executive Law requires that the division determine whether or not it has jurisdiction and likewise whether or not there is probable cause to believe that a violation of law has occurred within 15 days after the receipt of a complaint. Section 297 (subd. 4, par. a) of the Executive Law requires that notice of hearing on the alleged violation be served within 60 days after the complaint is received, and that the hearing be held within 15 days thereafter. It has been repeatedly held, however, that these time limitations are directory rather than mandatory and that, if the division exceeds them, it is not cause for invalidating its proceedings or terminating its jurisdiction (*Unon Free School Dist. No. 6* v. *New York State Human Rights Appeal Bd.*, 35 N Y 2d 371; *Matter of 121–129 Broadway Realty* v. *New York State Div. of Human Rights*, 43 A D 2d 754; *Matter of Moskal* v. *State of New York, Executive Dept., Div. Human Rights*, 36 A D 2d 46; *Matter of Glen Cove Municipal Civ. Serv. Comm.* v. *Glen Cove NAACP*, 34 A D 2d 956; *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie*, 272 App. Div. 162). Finally, we take this opportunity to express concern about the increasing frequency with which claims of administrative delay on the part of the State Division of Human Rights in processing complaints of discrimination have recently been raised. The time periods provided in the statute (Executive Law, § 297), although directory only, are exceeded so frequently as to raise serious questions concerning the fair administration of the law. The task of remedying this potentially prejudicial situation rests with the Executive Department and the Legislature whose responsibility it is to fund and staff the agency so that it is enabled to function reasonably within the statutorily imposed time limitations. Additionally, there is need for authority which will permit a complainant or respondent who may be prejudiced by excessive administrative delays to seek a judicial order compelling expeditious agency action. Until this is accomplished, the equitable powers of the judiciary to divest the division of the jurisdiction conferred upon it by the Human Rights Law may only be properly exercised where the respondent demonstrates that substantial prejudice has resulted or will result from agency delay. (Appeal from judgment of Onondaga Special Term in article 78 proceeding to enjoin hearing.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.