■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v BOARD OF EDUCATION OF WEST VALLEY CENTRAL SCHOOL DISTRICT, Petitioner.—Order and determination unanimously annulled, on the law, without costs, and complaint dismissed. Memorandum: This is a proceeding for a judicial review under section 298 of the Executive Law of a determination made by the State Human Rights Appeal Board dated June 30, 1975 which affirmed a determination of the State Division of Human Rights charging petitioner herein with discrimination because of sex in the termination of complainant's probationary teaching position. The initial complaint was filed on November 28, 1972 and despite subdivision 2 of section 297 of the Executive Law, requiring the division to determine jurisdiction and probable cause within 15 days of the filing of the complaint, such determination was not rendered until July 13, 1973, a delinquency of seven months. Section 297 (subd 4, par a) of the Executive Law, requires that within 60 days of the filing of a complaint the division is to issue and serve written notice together with a copy of the complaint, requiring named respondent to answer charges and appear at a public hearing. Such notice was not issued by the division until September 14, 1973, constituting a nine-month delinquency. It is also required under section 297 (subd 4, par a) of the Executive Law that within 60 days after a complaint is filed, in addition to service of notice and copy of the complaint on named respondent, a hearing is to be scheduled at a time not less than 5 nor more than 15 days after such service of notice and copy of complaint. The complaint herein having been filed on November 28, 1972, had timely notice been thereafter served, the expiration date for a scheduled public hearing would have been not later than February 11, 1973. The first hearing scheduled in the instant proceeding was not

held until October 10, 1973, being an eight-month delinquency. Section 297 (subd 4, par c) of the Executive Law provides that within 20 days after the hearing a determination thereof shall be made and the order thereon served upon the parties. Here the last hearing date was held January 15, 1974 with briefs to be filed by March 13, 1974, rendering April 2, 1974 the statutorily prescribed due date for determination and order of the division. Such determination and order, however, was dated June 28, 1974, being 87 days late, with mailing to the parties further delayed until July 8, 1974. On July 12, 1974 timely appeal was taken by petitioner with hearing thereon had on November 22, 1974. The appeal board decision although dated June 30, 1975, was not mailed to the parties until January 13, 1976, being more than one year after the hearing of the appeal. The foregoing chronology reflects that from the date of the filing of the instant complaint until the date of the serving of the decision and order of the appeal board on January 13, 1976, a period in excess of three years had expired. Until *State Div. of Human Rights v Rinas* (42 AD2d 388), followed by *Hillside Housing Corp. v State Div. of Human Rights* (44 AD2d 539) and *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights* (46 AD2d 1004), it had been generally recognized that the afore-cited statutory time limitations of the Executive Law were directory rather than mandatory, and, that noncompliance by the division was not cause for invalidating its proceedings or terminating its jurisdiction *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371; *Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754; *Matter of Moskal v State of New York, Executive Dept., Div. of Human Rights,* 36 AD2d 46; *Matter of Glen Cove Municipal Civ. Serv. Comm. v Glen Cove NAACP,* 34 AD2d 956; *Matter of Rochester Gas & Elec. Corp. v Maltbie,* 272 App Div 162). Such is the law where relatively minor delays occur. However, warned by the holdings of *Rinas, Hillside* and *Liverpool (supra),* protracted administrative delays in the implementation of the provisions of the Human Rights Law will constitute, as a matter of law, prejudice to named proceeding respondents, warranting the exercise of the equitable powers of the judiciary to divest the division of jurisdiction conferred by the Human Rights Law. Such is the case here presented. Our determination is based solely on the issue of timeliness as indicated above. Under these circumstances we do not reach the other questions raised on this appeal. (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.