■ PI LAMBDA PHI FRATERNITY, INC., Respondent, v SENECA BETA CORP. et al., Appellants, et al., Defendants.—Order unanimously affirmed, with costs. Memorandum: This action is brought pursuant to article 15 of the Real Property Actions and Proceedings Law to determine title to real

property. Defendants Seneca Beta Corporation and Heaton appeal from Special Term's denial of their motion for summary judgment. Plaintiff alleges that it is the owner of certain real property located in Ontario County. The claim is founded upon an alleged merger of plaintiff and Beta Sigma Tau, a national intercollegiate fraternity. The record owner of the property is defendant Seneca Beta Corporation. Its certificate of incorporation establishes its purpose, *inter alia,* as one "To provide and assist in maintaining housing facilities for students attending Hobart College and who are members of Beta Sigma Tau Fraternity". The certificate further provides: "If, for any reason, the Chapter of Beta Sigma Tau Fraternity, located at Hobart College, ceases to function as an active fraternity, then the assets of the corporation shall be liquidated, all debts paid, and all remaining assets shall be turned over and become the property of Beta Sigma Tau a National Intercollegiate Fraternity. If Beta Sigma Tau is not then functioning as an active National Fraternity, then all remaining assets shall be turned over to Hobart College, Geneva, New York. However, all the aforegoing shall be subject to the approval of the Supreme Court of the State of New York." Plaintiff alleges that the Hobart College Chapter of Beta Sigma Tau Fraternity ceased to function as an active fraternity on or before April 1, 1972 and that Seneca Beta Corporation now operates the premises as a boarding or rooming house in violation of its certificate of incorporation. It is further claimed that when the Hobart College Chapter of Beta Sigma Tau ceased to function, the property in question vested in Beta Sigma Tau National Fraternity by virtue of the provisions of Seneca Beta Corporation's certificate of incorporation. It is also alleged that by reason of a duly constituted merger of plaintiff and Beta Sigma Tau in 1960, plaintiff has become the successor in interest to the latter fraternity and thus is entitled to ownership in fee of the realty. The answer of defendants Seneca Beta Corporation and Heaton constitutes a general denial of the material allegations of the complaint. After joinder of issue, these defendants moved for summary judgment. The only allegations of consequence in the attorney's affidavit, filed in support of the motion, are: "4. The undersigned took the deposition of plaintiff through Frederick Dobens, its first Vice President. In the course of the deposition plaintiff purported to produce copies of all documents pertaining to the merger as alleged in paragraph 11 of the Complaint. Among these documents the only one that is in the form of an agreement between the two national fraternities is exhibit A attached. 5. Deponent believes there is no merit to the complaint and that these defendants have a complete defense." The memorandum of agreement attached to defendants' motion papers is entitled "Memorandum of Agreement as to details of the merger of Beta Sigma Tau Fraternity into Pi Lambda Phi Fraternity". The agreement speaks only of initiating chapters and members of Beta Sigma Tau into plaintiff and says nothing of the transfer of realty from Beta Sigma Tau to plaintiff. Plaintiff's documentation in opposition to the summary judgment motion tends to indicate that the chapter of Beta Sigma Tau Fraternity at Hobart College was in the process of dissolving in February, 1971 and that there was a merger of Beta Sigma Tau National Fraternity with plaintiff "whereby the rights to the name and assets passed to the merged organization, which was to be known as Pi Lambda Phi and which still exists as a national college fraternity." The only issue raised by defendants on appeal is that the plaintiff failed to comply with sections 50 and 52 of the Membership Corporations Law (repealed in 1969 and replaced by the Not-for-Profit Corporation Law) at the time of the merger with Beta Sigma Tau and thus has no standing to bring

this action. Those sections dealt with consolidation of domestic membership corporations and the requirement for approval of a consolidation agreement by the court. This issue is raised for the first time on appeal and should not now be heard as a ground of error *(Telaro v Telaro,* 25 NY2d 433, 438; *Cohn v Goldman,* 76 NY 284, 287). Beyond that, however, it cannot be determined on this record that either fraternity was a domestic corporation subject to the provisions of the New York Membership Corporations Law. Nor can it be determined whether the alleged merger constituted a consolidation within the contemplation of that law. Moreover, it cannot be concluded that plaintiff's claim is necessarily based upon a consolidation of the two corporate entities. Limiting our decision to the pleadings and other documentation before us, a clear issue arises as to the nature of the alleged merger and whether it was intended to include real property then owned by, or later to vest in, Beta Sigma Tau. Also at issue is the meaning, scope and effect of the relevant provisions of the certificate of incorporation of defendant Seneca Beta Corporation. Additionally, it must be determined whether the chapter of Beta Sigma Tau at Hobart College ceased to function as an active fraternity and if so, whether the parent Beta Sigma Tau Fraternity was not then functioning as an active national fraternity. These are issues of fact which can only be resolved at trial. (Appeal from order of Ontario Supreme Court—summary judgment.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.