■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF NIAGARA FALLS et al., Petitioners.—Petition granted, order and determination unanimously annulled, on the law and facts, without costs, and complaint dismissed. Memorandum: This proceeding was instituted by the petitioners pursuant to section 298 of the Executive Law to annul an order of the State Human Rights Appeal Board dated March 11, 1977, which affirmed a determination of the State Division of Human Rights dated May 7, 1975. The State division found that petitioners' policy as to maternity leave was discriminatory, and awarded complainant her regular salary for the period from September 1, 1972 to February 1, 1973, less her earnings as a substitute teacher in other school districts during that period. The initial complaint was filed on January 9, 1973. The division was required to determine jurisdiction and probable cause within 15 days thereafter (Executive Law, § 297, subd 2). Such determination was not finally made until March 29, 1974, more than 14 months after the complaint was filed. Within 60 days after the filing of a complaint, the division is required to serve a written notice, together with a

copy of the complaint, upon the respondent, requiring the respondent to appear at a hearing (Executive Law, § 297, subd 4, par a). Such notice was served on May 29, 1974, almost 15 months after the filing of the complaint. The hearing date was set for June 11, 1974 and the hearing was not closed until October 28, 1974. The Executive Law requires that within 20 days after a hearing, a determination shall be made and an order thereon served upon the parties (Executive Law, § 297, subd 4, par c). Here the determination and order were not made and served until May 7, 1975, a period of 171 days from the date the hearing was closed. An appeal was timely filed on May 14, 1975 and the appeal was not noticed for hearing until September 22, 1976, some 16 months later. The appeal was heard on October 5, 1976 and was not decided until March 11, 1977. Thus the total consumed time for resolution of this complaint was four years and two months. It is generally recognized that the statutory time limitations set forth in section 297 of the Executive Law are directory rather than mandatory, and that noncompliance by the division is not cause for invalidating its proceedings and terminating its jurisdiction (*Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371; *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights*, 46 AD2d 1004; *Matter of 121–129 Broadway Realty v New York State Div. of Human Rights*, 43 AD2d 754). We have recently held, however, that protracted administrative delays in the implementation of the provisions of the Human Rights Law will divest the division of jurisdiction (*State Div. of Human Rights v Board of Educ.*, 53 AD2d 1043, affd 42 NY2d 862; see, also, *Hillside Housing Corp. v State Div. of Human Rights*, 44 AD2d 539; *State Div. of Human Rights v Rinas*, 42 AD2d 388). Since the violations of the various Executive Law time limitations are far more egregious here than in West Valley, we invalidate the division's proceedings and terminate its jurisdiction. The patent unfairness of denying relief to complainant on the basis of administrative delay may well call for legislative attention to fiscal inadequacies in the implementation of the statute. While our determination is based solely on the issue of timeliness, we note that petitioners offered day-by-day substitute teaching employment to the complainant during the entire period of the alleged discrimination. Such offer was rejected by the complainant. The record amply demonstrates that had she accepted such employment, her damages would have been minimal, if not eliminated (see *121–129 Broadway Realty v New York State Div. of Human Rights*, 48 AD2d 975, mod on other grounds 49 AD2d 422; 13 NY Jur, Damages, §§ 30, 31). (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.