■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v GANNETT COMPANY, INC., Petitioner. (Proceeding No. 1.)—Petition granted, order and determination unanimously annulled, on the law and facts, without costs, and complaint dismissed. Memorandum: This proceeding against the petitioners, Gannett Company, petitioners, Gannett Company, Inc., and Sheraton Gatehouse Motor Inn was commenced by complainant Mollie A. Traub when she filed a complaint with the State Division of Human Rights on August 3, 1971. She claimed that Sheraton's advertisement for a Bar Maid which specified dimensions of "38-23-38" and which was published by Gannett discriminated against her. On January 20, 1977 the appeal board reviewed the commissioner's dismissal of the complaint against Gannett. The appeal board held that Mollie Traub was a "person aggrieved" within the meaning of section 297 of the Executive Law; granted her leave to amend her complaint to add the National Organization for Women (NOW) as a party; concluded that NOW is also a "person aggrieved"; held that the complaint stated a claim upon which relief could be granted and remanded the matter to the division for the public hearing ordered nearly five years earlier. We note in passing that the hearing directed by the State appeal board may well be futile here since the only representative of Gannett with any knowledge regarding the placing of this advertisement died on November 4, 1974 and no other Gannett employee was personally involved. A review of the record reveals that the extensive delay in this case was occasioned primarily by the division's decision to await the result of rele-

vant cases pending in the courts, particularly the case of *National Organization for Women v State Div. of Human Rights* (34 NY2d 416). In our view the holding in that case does not control the fact situation present here where the question is "whether a sex designation set forth internally within an advertisement represents a bona fide occupational qualification" within the meaning of section 296 (subd. 1, par. [d]) of the Executive Law *(National Organization for Women v State Div. of Human Rights,* at 421). Subsequent to the filing of the complaint on August 3, 1971 investigation conferences were held. On February 18, 1972 probable cause was found against both Sheraton and Gannett and a public hearing was ordered. Under the directory time constraints of subdivision 2 of section 297 of the Executive Law such finding should have been made within 15 days of the filing of the complaint or on August 18, 1971. It was made, therefore, six months late; nor was it timely made even under the expanded time limitation of 180 days provided for in the recent amendment to the Human Rights Law (L 1977, ch 729, § 1, eff Aug. 5, 1977). The public hearing ordered was required to be held within 60 days (now 270 days). It still has not been held. Despite complainant's efforts to expedite this matter and assurances that the case would proceed to public hearing at the earliest possible date, the division decided to hold it in abeyance for 22 months after the complaint had been filed pending judicial resolution of similar cases pending in the courts. On April 5, 1974 the commissioner stated at a senior staff meeting that he would defer decision in the instant case until after the Court of Appeals ruled in *National Organization for Women v State Div. of Human Rights (supra).* That case was handed down on June 19, 1974. Thereafter, a public hearing was scheduled for September 6, 1974 but adjourned at the division's request until November 12, 1974. Six days before the scheduled hearing the commissioner, on his own motion, served a "notice of consideration for reopening". On January 7, 1975 the commissioner reopened the case, dismissed the complaint against Gannett and remanded the case to the regional office to determine whether complainant is an aggrieved person. This action took place nearly three years after probable cause had been originally found. As a result, complainant Traub and NOW appealed to the State Board of Appeals in January, 1975; which made the determination presently on appeal before us two years later—on January 20, 1977. The directory time constraints contained in section 297 *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371) which amount to a total of three to four months were exceeded, as were the expanded ones provided for in the recent statutory amendments which now permit the division a total of approximately 15 to 16 months (Executive Law, § 297, as amd by L of 1977, ch 729) to administer and decide matters filed with it. At the time of the appeal board determination, this case had been pending before the division for nearly five and a half years, i.e., it was 65 months old. Regardless of the merits, we have held that protracted administrative delays will divest the State Division of Human Rights of jurisdiction particularly where there is substantial prejudice. Our determination to invalidate the division's proceeding and terminate its jurisdiction is based solely on the issue of the timeliness with which it conducted its proceeding. We conclude that the unconscionable delay present in this record constitutes prejudice as a matter of law *(State Div. of Human Rights v Board of Educ.,* 59 AD2d 1048; *State Div. of Human Rights v Board of Educ.,* 53 AD2d 1043, affd 42 NY2d

862; see *Hillside Housing Corp. v State Div. of Human Rights,* 44 AD2d 539). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons Dillon and Hancock, Jr., JJ.