In the Matter of TESSY PLASTICS CORPORATION, Respondent, v STATE DIVISION OF HUMAN RIGHTS, Appellant.

Fourth Department, April 14, 1978

### APPEARANCES OF COUNSEL

*Ann Thacher Anderson (Elaine Berger* of counsel), for appellant.

*Roger Scott (Kenneth Bobrycki* of counsel), for respondent.

### OPINION OF THE COURT

SIMONS, J.

On April 5, 1976 Nancy Smith filed a complaint with the State Division of Human Rights alleging that petitioner had unlawfully discriminated against her in her employment because of her age and her sex. Petitioner was notified of the complaint the next day. The division investigated the charges and on November 26, 1976 it notified petitioner that the age discrimination charge had been withdrawn but that it found probable cause existed for the sex discrimination complaint. A conciliation agreement was proposed and when petitioner rejected this proposal on December 8, 1976, the division recommended a public hearing and advised petitioner that it would notify it of further proceedings.

On January 26, 1977 petitioner brought this CPLR article 78 proceeding seeking a writ of prohibition alleging that the division's unreasonable delay divested the division of jurisdiction because petitioner had been prejudiced as a matter of fact and as a matter of law (see *State Div. of Human Rights v Board of Educ.,* 53 AD2d 1043, affd 42 NY2d 862). As a result of a mix-up in transmitting the motion papers from the Syracuse office to its legal department in New York City, the division defaulted on the return date, February 8, 1977, and an order of prohibition was entered March 2, 1977. The

division moved promptly to vacate the default but its motion was denied. It is the order denying that motion which is before us on this appeal.

■ The order should be reversed because prohibition was improperly granted and because there was no impermissible delay. Inasmuch as appellant had a meritorious defense and it moved promptly to vacate the judgment, its default should be excused in the interest of justice so that complainant may be permitted to pursue her charge of unlawful discrimination (see *Kahn v Stamp*, 52 AD2d 748, 749).

■ ■ Judicial review of proceedings of the Division of Human Rights by way of a motion for prohibition should not have been entertained by Special Term before petitioner had exhausted its administrative remedies (see *Matter of Russell Sage Coll. v State Div. of Human Rights*, 45 AD2d 153, affd 36 NY2d 985; *Matter of Board of Educ. v State Div. of Human Rights*, 38 AD2d 245, affd 33 NY2d 946; *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights*, 46 AD2d 1004). As we said in *Matter of Richards v Mangum* (35 AD2d 124, 125-126):

"The statute (Executive Law, art. 15) envisions an administrative proceeding before the Division. A party dissatisfied with the determination of the Commissioner may appeal to the State Human Rights Appeal Board (Executive Law, § 297-a, subd. 6, par. c). Judicial review is available only from an order of the Appeal Board (Executive Law, § 298).

"This procedure is consistent with the policy of requiring exhaustion of administrative remedies before resort to judicial review. The dual functions of this requirement are to conserve judicial resources and to protect the integrity of administrative hearings, determinations and appeals (2 Cooper, State Administrative Law, pp. 562-565; Jaffe, Judicial Control of Administrative Action, p. 424)."

Upon the motion to vacate appellant did not contend that the order of prohibition was improper prior to the completion of the administrative process, but the error is obvious from an examination of the record and we may consider it on appeal for the first time (see *Salesian Soc. v Village of Ellenville*, 41 NY2d 521, 523; *Persky v Bank of Amer., Nat. Assn.*, 261 NY 212, 218; see, also, *Matter of Niagara Wheatfield Admin. Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68).

■ Furthermore, in vacating the default, we observe that petitioner did not establish in his application for prohibition

such prejudice resulting from delay as would warrant dismissal of the proceedings.

Pursuant to the provisions of section 297 of the Executive Law, as it then existed, the division was required to determine within 15 days of the complaint whether it had jurisdiction of the complaint and whether there was probable cause to believe that petitioner had engaged in an unlawful discriminatory practice. The division did not make such a finding in this case for seven months. Additionally, the former statute required that within 60 days of the complaint the division if it found probable cause, must issue a written notice of charges and hearing. Such notice was issued nine months after the complaint was filed in this case. The statute required that the public hearing be held not more than 15 days after the service of notice. No hearing was held because the petitioner's motion seeking prohibition preceded the hearing. Petitioner moved for prohibition approximately 10 months after the complaint was filed.

■ The time limits set forth in section 297 of the Executive Law are directory and not mandatory *(Union School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371; *Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754; *Matter of Moskal v State of New York, Executive Dept., Div. of Human Rights,* 36 AD2d 46; see, also, *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights,* 46 AD2d 1004, *supra).* They were enacted for the benefit of the complainants, not those charged with violating the statute, and in the absence of substantial prejudice to the party charged, delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it. *(Matter of Liverpool Cent. School Dist. v State Div. of Human Rights, supra,* p 1005.) We have departed from that rule in some recent decisions when the delay was egregious, holding that the party charged was prejudiced as a matter of law (see, e.g., *State Div. of Human Rights v Board of Educ.,* 53 AD2d 1043, affd 42 NY2d 862, *supra; State Div. of Human Rights v Gannett Co.,* 61 AD2d 1134; *State Div. of Human Rights v Board of Educ.,* 59 AD2d 1048). Those cases, however, involved delays of several years, periods substantially greater than the delay present in this case. Notably we refused prohibition in *Matter of Liverpool (supra),* a case presented in the same legal posture as this case, although the delay in *Liverpool* was more

than twice that present here. Furthermore, since our prior decisions, the Legislature has amended the requirements of section 297 (see L 1977, ch 729) to provide that a finding of jurisdiction and probable cause should be made within six months of the complaint and a notice of hearing served within nine months of the complaint. The time periods here exceeded the legislative definition of reasonableness contained in the amended statute by only a few days and they should not be cause for a judicial determination that petitioner has suffered prejudice as a matter of law.

Nor does it appear from the record that petitioner has suffered actual substantial prejudice at this time which would warrant a court in exercising its equitable powers to terminate the division's proceedings. The dissent alleges prejudice in fact because of the changeover in the employees of petitioner since the date of the alleged discriminatory acts. Petitioner has not alleged that these former employees are unavailable, however, and the division, which bears the burden of proof, makes no complaint.

The order should be reversed, appellant's motion to vacate its default granted and the matter remitted to Special Term, Onondaga County, for further proceedings in accordance with this opinion.

MOULE, J. P. (dissenting). Respondent State Division of Human Rights showed no justifiable excuse for its default in this article 78 proceeding. The reasons asserted for the division's failure to appear on the return date of the show cause order, viz., misdirected and mislaid papers, and a vacationing attorney who was subsequently absent due to an unexplained illness, constitute nothing more than law office failure. Ordinarily, law office failure is an insufficient reason, by itself, to excuse a default (*Kahn v Stamp,* 52 AD2d 748, 749; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; *Renne v Roven,* 29 AD2d 866; *Sortino v Fisher,* 20 AD2d 25). When considered in light of the persistent and protracted delays involved in the division's administrative proceeding, the default was inexcusable.

Furthermore, the division has failed to show a meritorious defense to this proceeding. A complaint was filed with the division on April 5, 1976. It was not until November 26, 1976 that the division determined that it had jurisdiction in the matter and that there was probable cause for a charge of sex

discrimination. Thereafter, the division recommended that the complaint be set for a public hearing. As of January 26, 1977, the date on which petitioners instituted this article 78 proceeding, no hearing was scheduled.

The delays in the division's proceedings on the complaint grossly exceeded all of the applicable statutory guidelines then in effect (Executive Law, § 297; see *State Div. of Human Rights v Gannett,* 61 AD2d 1134; *State Div. of Human Rights v Board of Educ.,* 59 AD2d 1048; *State Div. of Human Rights v Board of Educ.,* 53 AD2d 1043, affd 42 NY2d 862). The delays also are in excess of the allowable time periods embodied in the recently amended provisions of subdivision 2 of section 297 of the Executive Law (L 1977, ch 729). Petitioner has suffered substantial prejudice as a result of these delays. The record shows that at the time of the division's motion to vacate the default judgment, only one factory employee was working for petitioner of seven who were employed as of February 15, 1976, the date of the alleged act of discrimination. Additionally, it appears that nine other employees, who were hired after that date but prior to March 12, 1976, the last day of complainant's employment, have since left petitioner's factory.

Under the circumstances of this case, petitioner has also demonstrated prejudice as a matter of law *(State Div. of Human Rights v Gannett, supra; State Div. of Human Rights v Board of Educ.,* 59 AD2d 1048, *supra; State Div. of Human Rights v Board of Educ.,* 53 AD2d 1043, affd 42 NY2d 862, *supra).* The delays in the division's administrative proceedings at the time petitioner commenced this article 78 proceeding were as extensive as those which had occurred prior to the administrative hearing held in *West Valley* (53 AD2d 1043, *supra),* a case in which we annulled a determination of sex discrimination solely because of administrative delay. We held there that protracted delays in the implementation of the provisions of the Human Rights Law (Executive Law, art 15) will constitute prejudice as a matter of law, warranting the exercise of the equitable powers of the judiciary to divest the division of jurisdiction. Although *West Valley (supra)* entailed further delays subsequent to the hearing, it is clear that prejudice to a proceeding respondent is primarily attributable to prehearing delays, during which time witnesses' testimony has not been preserved.

In reliance upon our decision in *West Valley,* petitioner

brought this article 78 proceeding to prohibit the division from holding a hearing. Prohibition may be employed even though other methods of redress are technically available, where an appeal, motion or other application would be inadequate, and prohibition would furnish a more complete and efficacious remedy *(Matter of Dondi v Jones,* 40 NY2d 8, 14). Under *West Valley,* I believe that petitioner has established prejudice as a matter of fact and law, and that therefore the extraordinary remedy of prohibition should issue. Significantly, the division's challenge to the propriety of the remedy of prohibition was also delayed. There is no indication in the record that its contention that prohibition was improper was raised before Special Term, and therefore it is not properly before this court *(Matter of Battaglia v Schuler,* 60 AD2d 759; *Pi Lambda Phi Fraternity v Seneca Beta Corp.,* 54 AD2d 1127, 1129; see *Telaro v Telaro,* 25 NY2d 433).

Finally, I believe that the result sanctioned by the majority raises the same serious questions concerning the fair administration of the law that were expressed by this court in *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights* (46 AD2d 1004). Here, the division has engaged in extensive administrative delays; it has defaulted in this proceeding, necessitating further delay; and it has failed to present its contention that this proceeding was improper to the court at Special Term, causing still further delays. Special Term properly denied the division's motion to reopen the default.

CARDAMONE, DILLON and HANCOCK, JR., JJ., concur with SIMONS, J.; MOULE, J. P., dissents and votes to affirm the order in an opinion.

Order reversed, without costs, and motion granted.