In the Matter of SARKISIAN BROTHERS, INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.

Third Department, May 11, 1978

APPEARANCES OF COUNSEL

*Night, Keller, O'Connor, Ball & McDonough (Kevin F. McDonough* of counsel), for petitioner.

*Ann Thacher Anderson (Lawrence Kunin* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

Complainant, Sherman W. Mitchell, Sr., began employment with petitioner on July 1, 1974. At that time he was 59 years old and the only Black general laborer employed by petitioner. After several short layoffs, Mitchell was laid off on September 18, 1974. Dissatisfied with the reason given—that the machinery he was working with was being moved to another job site —Mitchell filed a complaint on September 20, 1974 with the respondent, State Division of Human Rights, charging petitioner with an unlawful discriminatory practice based upon race and color. At a public hearing held on April 22, 1975, Mitchell testified that he believed the final layoff to have been discriminatory because a white man over whom he had seniority had been retained. Other witnesses, however, testified that there was no seniority rule as to layoffs and no set pattern in the way layoffs were made.

The basis of the claim of discrimination in issue herein was a statement made at the hearing by the general foreman who had laid Mitchell off. Under hypothetical questioning by the hearing officer, the foreman testified that age may be a factor in his determination of whom to hire and whom to retain. He did not state that Mitchell's age was a factor in making the decision to lay him off. Under the prompting of the hearing officer, Mitchell amended his complaint to include a charge of discrimination because of age. On September 9, 1975, the State Division of Human Rights filed and served an order finding an unlawful discriminatory practice not on account of race or color, but on account of age. Petitioner filed a notice of appeal with the State Human Rights Appeal Board. This appeal was not heard until October 19, 1976. The decision of the appeal board noted that the hearing officer had unduly injected himself into the process of questioning witnesses and that the amendment of the complaint at the end of the proceeding severely prejudiced petitioner because of its lack of opportunity to prepare a defense.

The appeal board reversed the order of the State Division of Human Rights as an abuse of discretion and remanded the proceedings for a new hearing. The appeal board decision was not issued until September 29, 1977, some three years after the filing of Mitchell's complaint. Petitioner instituted this proceeding on October 27, 1977 to set aside and annul the determination and order of the appeal board. In our view the inordinate administrative delays herein have divested the respondent division of the jurisdiction granted by the Human Rights Law and mandate a granting of the petition.

Section 297 (subd 4, par a) of the Executive Law, as in effect at the time of the proceedings herein (amd by L 1977, ch 729, eff Aug. 5, 1977), required that within 60 days after a complaint was filed the division shall serve notice thereof which shall fix a date for a hearing from 5 to 15 days after such service. The hearing in this case was not scheduled to be held until some seven months after the complaint had been filed. The former section 297 (subd 4, par c) of the Executive Law (also amd by L 1977, ch 729) required that a determination be made and that an order be served upon the parties within 20 days after the hearing. In this case, the order was not served until some four and one-half months after the hearing.

It has generally been recognized that these statutory time limitations are directory rather than mandatory (*Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754) and that "[a]bsent some showing of substantial prejudice, noncompliance with such schedules does not operate to oust the division of the jurisdiction conferred on it by the Human Rights Law" (*Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 381). Recent cases, however, have emphasized the unconscionable delay in the administration of the Human Rights Law. In *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights* (46 AD2d 1004, 1005), the court noted that while the said time periods were directory only, they "are exceeded so frequently as to raise serious questions concerning the fair administration of the law" (see, also, *Hillside Housing Corp. v State Div. of Human Rights,* 44 AD2d 539; *State Div. of Human Rights v Rinas,* 42 AD2d 388). In *State Div. of Human Rights v Board of Educ.* (53 AD2d 1043, 1044, affd 42 NY2d 862), the Appellate Division, Fourth Department, in reversing a determination of job discrimination on the ground of a delay of more than three years between the filing of the

complaint and the serving of the order of the appeal board, stated: "[P]rotracted administrative delays in the implementation of the provisions of the Human Rights Law will constitute, as a matter of law, prejudice to named proceeding respondents, warranting the exercise of the equitable powers of the judiciary to divest the division of jurisdiction conferred by the Human Rights Law."

In the instant case, the order was made more than three years after the initial complaint was filed and a final order has still not been made. The case, instead, has been remanded for *de novo* proceedings which may take another three years. Notwithstanding the fact that some of the periods of delay herein could have been permissible under the more liberal time periods contained in section 297 of the Executive Law, as amended by chapter 729 of the Laws of 1977, in this case we find the delay to have been so excessive under the existing statutory framework as to divest the respondent of jurisdiction (cf. *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 61 AD2d 25).

We note finally that the case for discrimination herein is anything but overwhelming. A complaint based upon racial discrimination eventually resulted in a finding by the respondent of age discrimination. This finding was reversed by the appeal board. The prejudice to the petitioner from the inordinate administrative delay, when weighed in the context of the doubtful showing of age discrimination made by the respondent, mandates an annulment of the order remanding the proceeding.

The petition should be granted, and order annulled, with costs.

SWEENEY, J. P., MAIN and MIKOLL, JJ., concur.

Petition granted, and order annulled, with costs.