■ In the Matter of RYDER TRUCK RENTAL, INC., et al., Respondents, v PARKING VIOLATIONS BUREAU OF THE TRANSPORTATION ADMINISTRATION OF THE CITY OF NEW YORK, Appellant. — Order of the Supreme Court, New York County (Edward Lehner, J.), entered on March 25, 1982, which granted the petition with respect to certain enumerated summonses and annulled the determination of liability by respondent Parking Violations Bureau as to those summonses and dismissed the petition as to certain other summonses, is modified, on the law, without costs or disbursements, to the extent of dismissing the petition in its entirety and otherwise affirmed. The issue here is whether the omission of the expiration date of a vehicle registration on a parking ticket constitutes a fatal defect under subdivision 2 of section 238 of the Vehicle and Traffic Law. Petitioner Ryder Truck Rental, Inc., a Florida truck leasing corporation, and one of its lessees, petitioner George A. Dix, Inc., together received eight parking violation notices between June 12, 1979 and May 9, 1980. An administrative hearing was subsequently conducted in connection with this matter. The hearing officer, in denying the motion to dismiss and finding all of the summonses to be valid, rejected the argument that the six notices which did not include expiration dates failed to make out a prima facie case. After the appeals board of the Parking Violations Bureau upheld the hearing officer's determination, petitioners commenced the instant petition pursuant to CPLR article 78 seeking to vacate the determination of liability on the parking summonses. Special Term granted the petition as to the six summonses which did not contain the registration expiration dates. According to subdivision 2 of section 238 of the Vehicle and Traffic Law, whenever the operator of a vehicle is not present, a notice of violation shall be served upon the owner: "by affixing such notice to said vehicle in a conspicuous place. Whenever such notice is so affixed, *in lieu of inserting the name of the person charged* with the violation in the space provided for the identification of said person, the words 'owner of the vehicle bearing license' may be inserted to be followed by the plate designation and plate type as shown by the registration plates of said vehicle *together with the expiration date;* the make or model, and body type of said vehicle" (emphasis added). It is the position of the Parking Violations Bureau that the insertion of the expiration date of a vehicle's registration is directory rather than mandatory and, therefore, its omission does not require dismissal of the summons. We agree. Petitioners do not contend the vehicles in question were not illegally parked. Moreover,

ownership of the vehicles is not disputed. Instead, petitioners challenge the validity of the summonses on the wholly technical ground that they are facially defective merely because of the absence of the expiration date. Clearly, the purpose of subdivision 2 of section 238 of the Vehicle and Traffic Law is to establish a procedure for advising the owner of a vehicle concerning the existence of parking violation charge. If the owner were not adequately notified, the result would be an impairment of his or her right to due process. The information specified in the statute (the registration plate number and its expiration date, the make or model of the vehicle, the body type, etc.) is intended appropriately to identify the vehicle in order to avoid mistakes about the particular vehicle involved in the alleged violation. So long as the owner is given proper notice and the vehicle is sufficiently identified, then the dictates of the statute have been satisfied notwithstanding a possible technical omission of one or another identifying feature. As explained in section 171 of McKinney's Statutes (McKinney's Cons Law of NY, Book 1, p 334), the general rule of construction is that: "Whether a given provision in a statute is mandatory or directory is to be determined primarily from the legislative intent gathered from the entire act and the surrounding circumstances, keeping in mind the public policy to be promoted and the results that would follow one or the other conclusion. In this regard, however, it is said that the legislative intent does not depend upon the language in which the intent is clothed, and the fact that a statute is framed in mandatory words such as 'shall' or 'must', is of slight, if any, importance on the question whether the act is mandatory or directory." In attempting to ascertain the legislative intent, of particular significance are "the purpose of the act, the public policy to be promoted, the results which would obtain if one conclusion were followed to the exclusion of another" (*Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754). The Court of Appeals, in *People v Karr* (240 NY 348), declared that where statutory prescriptions relate to the performance of a public duty, such provisions are often understood as being directory only when the result of invalidating acts performed in neglect of them would work serious general inconvenience or injustice. In the present situation, the public certainly has an interest in having traffic conditions on its streets and roadways maintained at a manageable level. To invalidate the summonses here on nothing more than a technicality would be contrary to the legislative purpose, especially since there has been no assertion by petitioners that their right to due process was in the least violated. Further, where the statutory interpretation adopted by an administrative agency is not irrational or unreasonable, it is to be accorded great weight. (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Howard v Wyman,* 28 NY2d 434; *Ostrer v Schenck,* 41 NY2d 782.) Consequently, Special Term improperly granted the petition as to the six summonses lacking the registration expiration. Concur — Silverman, Bloom and Milonas, JJ.

Kupferman, J. P., and Kassal, J., dissent and would affirm for the reasons stated by Lehner, J.