OPINION OF THE COURT
Joseph S. Levine, J.
The petitioner moves for an order and judgment pursuant to CPLR article 78 granting the following relief: vacating the determination of Paula G. Sawyer, Regional Director of the State Division of Human Rights (Division), dated April 23, 1987, which added Local 1181-1061 Amalgamated Transit Union AFL-CIO as a party to a proceeding in the Division; and prohibiting the Division from proceeding against the petitioner. The action sounds in mandamus and is properly before this court pursuant to CPLR 7803 and 7804 (g).
The issue is one of first impression. It concerns an apparent ambiguity in the Executive Law relating to its Statute of Limitations governing administrative proceedings before the *424 Division. In brief, the question before the court is this: does the one-year Statute of Limitations apply to the joinder of a necessary party to an administrative proceeding?
On July 17, 1985 a complaint was filed with the Division alleging discrimination by Interboro Bus Company against the complainant because of his religious beliefs. The complainant was a bus driver whose employment was terminated on November 1, 1984 after he refused to complete his chosen route because the time conflicted with his Sabbath observance. The petitioner in this proceeding is the president of the union local which was the complainant’s collective bargaining representative. His union local was added to the action before the Division on May 1, 1987, almost two years after the complainant first filed his complaint. The union local was added as a necessary party as that term is defined in Executive Law § 292 (16).
Executive Law, article 15, §§ 290 through 301 is the State’s Human Rights Law. It establishes as a legally protected right "[t]he opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sex or marital status” (§ 291 [1]). Actions which are in contravention to this right are subject to the jurisdiction of the New York State Division of Human Rights. Section 297 (5) of the Executive Law establishes a one-year Statute of Limitations requiring any complaint to be filed with the Division within one year after the alleged unlawful discriminatory practice. In this case the complainant filed his complaint against the bus company within the required one-year time period.
The petitioner was added to the administrative proceeding by the Division pursuant to Executive Law § 297 (2) which states: "After the filing of any complaint, the division shall promptly serve a copy thereof upon the respondent and all persons it deems to be necessary parties, and make prompt investigation in connection therewith.”
The petitioner argues that it was not made a party to the administrative proceeding within the time period established in Executive Law § 297 (5). The respondent contends that it is empowered to add necessary parties as it sees fit and is bound by the requirements to "promptly serve” such a party as established above.
It is important to understand the nature of the one-year Statute of Limitations contained in Executive Law § 297 (5). A complaint of discrimination accrues on the date of the conduct *425 constituting the discrimination occurs. The claim is interposed when a complaint is filed with the Division. There is no concomitant requirement on the complainant to notify or serve the respondent with the complaint, that is done by the Division under the requirements of Executive Law § 297 (2). Therefore, it is entirely possible that the complaint is filed with the Division within the one-year period, but the party complained of does not receive notice of the complaint until after the one year has expired. Therefore, there is no conceptual difference between the respondent who is not notified by the Division within the year and the necessary party who is not added within the year. Both parties are within the scope of conduct by the Division and that conduct, unlike the complaint’s, is governed by Executive Law § 297 (2), i.e., "promptly servé”. The one-year period is more like a condition precedent to administrative action than it is a classic Statute of Limitations.
Based upon the foregoing analysis, it is the burden of the petitioner in this action to prove that the Division did not promptly serve it with the amended complaint adding it as a necessary party. The court finds no prejudice in the delay and rules that the petitioner has failed to meet its burden of proof on this point. (See, Matter of Tessy Plastics Corp. v State Div. of Human Rights, 62 AD2d 36, affd 47 NY2d 789 [1979].)
The petitioner’s application is denied. The petition is dismissed.