▆ In the Matter of MTA Bus Company, Petitioner, v New York State Division of Human Rights, Respondent. [55 NYS3d 171]—

Determination of respondent, dated August 19, 2015, which, in this employment discrimination proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Geoffrey D. Wright, J.], entered April 13, 2016), after a hearing, found that petitioner's policy of disqualifying all employees with bipolar disorder from working as a bus operator was an unlawful discriminatory act, and ordered petitioner to pay a civil fine and penalty of $30,000, unanimously annulled, and the complaint dismissed, without costs.

The record demonstrates, and respondent determined, that the complainant, a bus operator, was placed on restricted duty for reasons unrelated to his alleged disability of bipolar disorder, namely, his reckless driving record, and that petitioner was justified in terminating him based on his conduct in vandalizing three buses in passenger service. Respondent awarded the complainant no damages. However, rather than dismissing the complaint, it proceeded to conclude that "[b]ecause [petitioner] has a blanket policy disqualifying all employees with bipolar disorder from being appointed to, or remaining in, the Bus Operator position and passenger service, and because [petitioner] does not individually assess the ability of those with bipolar disorder to perform the essential functions of the job, [petitioner's] policy violates the Human Rights Law." In making this determination without notice to petitioner that its policies were going to be reviewed, respondent denied petitioner its right to due process. While, upon its own motion, respondent may investigate and file a complaint alleging

discriminatory practices (Executive Law §§ 295 [6] [b]; 297 [1]), it did not do so here. It could not, while investigating the bus operator's complaint, which was filed solely on his behalf, find that he had not been discriminated against "and, at the same time, make broad findings and impose broad sanctions pertaining to petitioner['s] over-all operations" (*Hillside Hous. Corp. v State Div. of Human Rights*, 44 AD2d 539, 539 [1st Dept 1974]). Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.