■ LIBERTY MUTUAL INSURANCE COMPANY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated July 25, 1977, which affirmed an order of the State Division of Human Rights, dated May 24, 1976, which, *inter alia,* found that the petitioner had discriminated against the complainant, Gae Marie Close, on the basis of her sex with respect to the terms, conditions and privileges of her employment. Determination confirmed and proceeding dismissed, without costs or disbursements. The disallowance of pregnancy-related disability benefits violated section 296 (subd 1, par [a]) of the Executive Law (see *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84). Petitioner's claim that the Employee Retirement Income Security Act (ERISA) (US Code, tit 29, § 1001 *et seq.)* pre-empted the Division of Human Rights from investigating this claim is without merit. Although the Congress fashioned a broad pre-emptive policy when it passed ERISA (see US Code, tit 29, § 1144, subd [a]), the legislative history behind the passage of the retirement program leads us to conclude that Congress did not intend to narrow the jurisdiction of those Federal and State agencies whose duty it is to regulate unlawful employment practices. The statements of Senator Walter Mondale and Representative Bella Abzug, made in their respective houses of Congress, indicate that antidiscrimination amendments to the

ERISA legislation were only withdrawn upon assurance from the ERISA draftsmen that discrimination claims would continue to fall within the jurisdiction of the Equal Employment Opportunity Commission under terms of existing law (see 119 Cong Rec S 30409-10; 120 Cong Rec H 4726). Thus, it is clear that Congress did not intend to disturb the established structures for administering such claims. Since title 7 of the Civil Rights Act has clearly not been impaired by ERISA (see US Code, tit 29, § 1144, subd [d]; tit 42, § 2000e-7), and since it vests concurrent jurisdiction in the Equal Employment Opportunity Commission and similar State-level agencies to investigate these claims (see, e.g., US Code, tit 42, § 2000e-4, subd [g], par [1]; § 2000e-7), we find that the jurisdiction of the State Division of Human Rights was not pre-empted by ERISA. We have reviewed those cases in which the Federal courts have restrained the States from regulating employee-benefit plans and found that they were instances in which the beneficiary was fully protected under the terms of ERISA (see, e.g., *Azzaro v Harnett,* 414 F Supp 473). However, as ERISA made no attempt to deal with fair employment practices, there is little reason to restrict the authority of the agencies responsible for those problems. We have considered the petitioner's other arguments and found them to be without merit. Hopkins, J. P., Martuscello, Latham and O'Connor, JJ., concur.