OPINION OF THE COURT
Marshall E. Livingston, J.
This is an article 78 proceeding brought on as the result of a complaint against the petitioner, filed February 19, 1976 by Elizabeth Cirelli with New York State Division of Human Rights (division), alleging that her supervisor, William Becker, discriminated against her because of her sex in violation of section 296 of the Executive Law (Human Rights Law). Mr. Becker denied the allegations.
On June 13, 1977, 462 days after the complaint was filed, the division determined, after investigation, that there was probable cause to believe that the alleged discrimination had occurred. On May 15, 1978, 766 days after the complaint was *261 filed, the division issued a notice of public hearing for May 31, 1978, at which sworn testimony regarding the complaint would be taken for the first time.
It is uncontradicted that Mr. Becker left petitioner’s employ on March 13, 1977, and went to work in Virginia, where he still resides. Upon receipt of the notice of hearing, petitioner contacted him and requested that he testify at the hearing. He refused to return and is unavailable. Petitioner’s claim of actual substantial prejudice will be considered later in this memorandum.
Prior to August 5, 1977, subdivision 2 of section 297 of the Executive Law provided that the division determine whether it had jurisdiction within 15 days after the filing of a complaint. Also section 297 (subd 4, par a) of the Executive Law required that a public hearing on the matter be held within 60 days after such filing.
On August 5, 1977 section 297 of the Executive Law (L 1968, ch 958, as amd by L 1977, ch 729) was amended so that the time frame for the determination of jurisdiction required by subdivision 2 of said section was extended from 15 days to 180 days. In addition, section 297 (subd 4, par a) thereof relating to the time within which a hearing be held was enlarged to require the notice of such hearing be fixed and served within 270 days after the complaint was filed, rather than 60 days after the complaint was filed.
Ordinarily section 172 of Statutes (McKinney’s Cons Laws of NY, Book 1, Statutes, p 336) would control this situation, and the time limitations set prior to the amendment of section 297 of the Executive Law were regarded as directory and not mandatory (Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371; State Div. of Human Rights v New York State Dept. of Correctional Servs., 61 AD2d 25; Board of Educ. v State Div. of Human Rights, 42 NY2d 862; Matter of Liverpool Cent. School Dist. v State Div. of Human Rights, 46 AD2d 1004; Matter of 121-129 Broadway Realty v New York State Div. of Human Rights, 43 AD2d 754; Matter of Moskal v State of New York, Executive Dept., Div. of Human Rights, 36 AD2d 46).
It is the division’s position in this case that, notwithstanding the 1977 amendment to section 297 of the Executive Law which enlarged the period for the division to determine jurisdiction 12 times and the time to fix a hearing date about 4.5 *262 times, section 297 should still be considered directory and not mandatory.
I cannot accept that concept under the circumstances of this case. Although Mrs. Cirelli may be considered the real party in interest here for whose benefit, as an aggrieved person, the Human Rights Law was enacted, the division asserts that it is almost snowed under with complaints and that the Legislature has cut its budget drastically so that it cannot possibly comply with section 297 of the Executive Law even as amended. It begs the indulgence of the court. So be it.
In State Div. of Human Rights v Board of Educ. (53 AD2d 1043, 1044) the court said: "However, warned by the holdings of Rinas, Hillside and Liverpool (supra) [42 AD2d 388, 44 AD2d 539, and 46 AD2d 1004], protracted administrative delays in the implementation of the provisions of the Human Rights Law will constitute, as a matter of law, prejudice to named proceeding respondents, warranting the exercise of the equitable powers of the judiciary to divest the division of jurisdiction conferred by the Human Rights Law. Such is the case here presented. Our determination is based solely on the issue of timeliness as indicated above.”
Again, in State Div. of Human Rights v New York State Dept. of Correctional Servs. (61 AD2d 25, 30, supra), the court in commenting on the amendment granting more liberal time periods observed: "In any event, it would seem that the amendment should be accorded some weight as an indication of what the Legislature views as protracted delay.”
As a part of the history of chapter 958 of the Laws of 1968, as amended by chapter 729 of the Laws of 1977, the memorandum of the State Executive Department (McKinney’s Session Laws of NY, 1977, vol 2, p 2419) stated in part:
"The purpose of this bill is to overcome the effect of court decisions dismissing complaints in cases in which the State Division of Human Rights has been unable to adhere to time specifications contained in Executive Law, Section 297.
"This bill adds a further subdivision to Section 297, the procedural section of the Human Rights Law, which ex-pressely [sic] provides that time specifications for action by the Division of Human Rights contained in subdivisions 2, 3 and 4 of such section are directory only and that failure of the Division to adhere thereto shall not oust the Division of jurisdiction nor the State Human Rights Appeal Board nor the courts under Sections 297-a and 298.”
*263 The wording of Senate 6777, as proposed provided:
"Section 1. Section two hundred ninety-seven of the executive law is hereby amended by adding thereto a new subdivision, to be subdivision ten, to read as follows:
"10. The time specifications set forth in subdivisions two, three and four of this section are directory only and failure to adhere to them shall not be used to invalidate a proceeding or otherwise terminate the jurisdiction of the division, the state human rights appeal board or the courts in a judicial review or enforcement proceeding.”
The Legislature in amending section 297 by chapter 729 of the Laws of 1977, as noted above, rejected the proposed subdivision 10 of section 297 quoted above.
Finally, in his memorandum for the Governor, dated August 4, 1977, the Attorney-General stated: "It is to be noted that the former time specifications had been interpreted by certain court decisions as precatory rather than mandatory upon the Division, especially since the hearing caseload rendered unrealistic any expectation that the present time specifications could be strictly adhered to. With the substantial extensions provided for in this bill, it is likely that the courts may now interpret the time specifications as mandatory.”
This all spells out, I believe, that the Legislature intended that the enlarged time periods provided in section 297 are now mandatory and that exceeding them amounts to prejudice as a matter of law. In sum, the protracted delay in this matter dictates the dismissal of the complaint, pursuant to section 297 of the Executive Law.
The question of actual prejudice by reason of Becker’s living in Virginia fortifies my decision. The division suggests that his deposition could be taken out of the State. A "hearing examiner may authorize a deposition to be taken” (9 NYCRR 465.13); however, on the papers before me Mr. Becker appears to have refused to testify. Thus a hearing examiner has no jurisdiction in another State to authorize such a deposition, and the petitioner is left without a defense through no fault of its own. Mr. Becker did not leave New York until approximately 13 months after the complaint was filed. If the division had moved with any reasonable effort to process the complaint, Becker would have been available. This constitutes, in my judgment, actual prejudice to the petitioner, also justifying a dismissal.