■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v PENNWALT CORPORATION, PHARMACEUTICAL DIVISION, Petitioner.—Determination unanimously confirmed, with costs, and petition dismissed. Memorandum: In this

proceeding under section 298 of the Executive Law, petitioner seeks review and annulment of a determination by respondent State Human Rights Appeal Board affirming a determination by respondent State Division of Human Rights that petitioner had unlawfully discriminated against complainant because of her sex. Petitioner's claim that it may lawfully treat employee disabilities arising from pregnancy and childbirth different from its treatment of other forms of disability under its employee benefits program must be rejected (*Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84). In so concluding, we disagree with petitioner's arguments that the Human Rights Law is pre-empted by the Employee Retirement Income Security Act of 1974 (US Code, tit 29, § 1001 *et seq.)* and that the Human Rights Law conflicts with the provisions of title VII of the Federal Civil Rights Act of 1964 (see *State Div. of Human Rights v Stromberg Carlson Corp.,* 66 AD2d 990; *Liberty Mut. Ins. Co. v State Div. of Human Rights,* 61 AD2d 822, mot for lv to app den 44 NY2d 644; *Matter of Westinghouse Elec. Corp. v State Human Rights Appeal Bd.,* 60 AD2d 943, app dsmd 44 NY2d 731). Similarly, we find no merit to the contention that the interpretation of the Human Rights Law by the Court of Appeals which bars discrimination in such circumstances based upon pregnancy and childbirth violates the contract clause of the Federal Constitution (art I, § 10; cf. *Matter of Westinghouse Elec. Corp. v State Human Rights Appeal Bd., supra).* Finally, we find no merit to petitioner's claim that the division is divested of jurisdiction because of its failure to adhere strictly to the time limitations of section 297 of the Executive Law. While this case arose prior to the recent amendment of section 297 (L 1977, ch 729, §§ 1, 2), the more liberal time periods allowed under the amendment "should be accorded some weight as an indication of what the Legislature views as protracted delay" *(State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 61 AD2d 25, 30). It remains the rule under the amended statute that these time limits are directory and not mandatory, and that absent a showing of substantial prejudice or such egregious delay as will constitute prejudice as a matter of law, "delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it" *(Matter of Tessey Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 40). Petitioner has made no showing of actual prejudice resulting from the modest delay in processing this complaint. Viewing this case under the time limitations now in effect, petitioner's only claim of a statutory violation relates to the passage of nine months between the date of the submission of stipulated facts in lieu of a hearing and the date of the division's order. While concededly the statute now requires that such a determination must be made within 180 days of the commencement of a hearing (Executive Law, § 297, subd 4, par c), it appears that the division otherwise proceeded expeditiously. Although now permitted 180 days from the filing of a complaint to determine jurisdiction and probable cause (Executive Law, § 297, subd 2), that determination was made in 72 days. Similarly, while now allowed a maximum of nine months and 15 days to commence a hearing (Executive Law, § 297, subd 4, par a), the hearing here was noticed for a date less than seven months from the filing of the complaint. On review of the entire record, it appears that there was a passage of 482 days between the complaint and the division's disposition. A total of 465 days is permitted under the statute where the division utilizes the maximum of its allowable time between the various events provided for in processing a complaint. In such circumstances, our decision in *Matter of Tessey Plastics Corp. v State Div. of Human Rights (supra)* applies with

equal force and we find no basis to conclude that the petitioner has suffered prejudice as a matter of law. (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.