■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v GENESEE HOSPITAL, Petitioner.—Order of appeal board unanimously affirmed, without costs, and petition dismissed. Memorandum: In November, 1976 a regional director of the State Division of Human Rights issued a determination and order after investigation which found probable cause to support claimant's allegations of discrimination against petitioner. Approximately two and one-half months later, the commissioner of the division ordered the proceeding reopened pursuant to 9 NYCRR 465.13 (presently repealed and replaced by 9 NYCRR 465.18), and vacated the regional director's determination of probable cause. In October, 1977, approximately eight months later, the regional director issued a finding that there was no probable cause to support complainant's claim of discrimination and dismissed her complaint. The State Human Rights Appeal Board annulled the division's dismissal of the complaint "without going into the merits" because the procedures outlined in section 297 (subd 4, par a) of the Executive Law (Human Rights Law) were not followed. Petitioner appeals from the board's order. It is undisputed that the board has jurisdiction to review the procedures followed by the division (Executive Law, § 297-a, subd 7). Simply stated, the issue in this case is whether the commissioner exceeded his authority by vacating the regional director's finding of probable cause and ordering further investigation. Section 297 (subd 4, par a) of the Executive Law provides that "unless the division has dismissed the complaint or issued an order stating the terms of a conciliation agreement not objected to by the complaint", the division shall order a public hearing. By reopening the proceeding and vacating the regional director's finding of probable cause, the commissioner disregarded this statutory directive. To the extent that the State Division of Human Rights regulation (9 NYCRR 465.13) mandates a different result, we conclude that it conflicts "with the provisions of the statute [and is] inconsistent with its design and purpose" and should, therefore, be given no weight *(Connolly v O'Malley,* 17 AD2d 411, 417; see, also, *Royal Globe Ins. Co. v Connolly,* 54 AD2d 1117). The appeal board's decision is affirmed. (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Schnepp, JJ.