■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v GENESEE BREWING Co., INC., Petitioner.—Order of appeal board unanimously affirmed, without costs. Memorandum: In its petition brought pursuant to section 298 of the Executive Law, petitioner seeks to annul an order of the appeal board made July 10, 1978 which reversed a determination of the State Division of Human Rights made October 28, 1976 finding no probable cause for the complaint of Mr. Miller, a former employee of petitioner. In his complaint, dated October 1, 1976, Mr. Miller alleges that he was discriminated against and unlawfully denied employment on account of his physical disability and age. On the record presented we cannot say that the appeal board abused its discretion in reversing the division's determination (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). The record contains statements by physicians indicating that Mr. Miller was partially disabled and could perform light work. The only witnesses interviewed by the division were Mr. Miller and Mr. Harkins, the personnel director of petitioner. There appears to have been an insufficient investigation of Mr. Miller's assertion that petitioner had openings for positions requiring light work which he could perform and for which he was qualified. The record does not demonstrate that there has been a thorough and careful inquiry during which Mr. Miller was given a full opportunity to present his contentions so that the division could properly conclude that there was virtually no basis for the complaint *(Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313; see *State Div. of Human Rights v New York State Drug Abuse Control Comm., supra).* Furthermore, we do not agree that at this stage of the proceeding the division has been divested of jurisdiction because of the delay in determining the appeal in excess of the 270 days permitted by Executive Law (§ 297-a, subd 4, as amd by L 1977, ch 729, § 3). As we held in *State Div. of Human Rights v Pennwalt Corp.* (66 AD2d 1006, 1007), "It remains the rule under the amended statute that these time limits are directory and not mandatory". (See, also, *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36.) While we do not approve of what appears to have been an unwarranted tardiness in deciding the appeal, "delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it." *Matter of Tessy Plastics Corp. v State Div. of Human Rights, supra,* p 40;

see, also, *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights*, 46 AD2d 1004.) (Proceeding pursuant to Executive Law, § 298.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.