### (April 13, 1979)

■    STATE DIVISION OF HUMAN RIGHTS et al., Respondents, v MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: On January 12, 1978 respondents instituted this article 78 proceeding in the nature of prohibition, seeking an order dismissing the complaints of employment discrimination filed against them by complainants, Marie E. Fitzhugh, Irvin A. Gill, and Robert M. Zieglar. Respondents contend that the State Division of Human Rights has been divested of jurisdiction because (1) the complaints are time barred by the one-year Statute of Limitations contained in Executive Law (§ 297, subd 5), and (2) because of delay and noncompliance with Executive Law (§ 297, subds 2, 4, par a). The complaints were filed on August 23, 1973 and September 28, 1973. Thereafter Gill's complaint was amended on September 29, 1975 and Zieglar's on November 1, 1974 and September 29, 1975. Fitzhugh filed additional charges on August 30, 1974 and an amended complaint on February 22, 1977. On April 24, 1975, 19 months after the filing of the first complaint, the division found probable cause and on September 26, 1975, six months later, it noticed a public hearing for October 15, 1975. With the consent of all parties, the hearing was adjourned to December 3, 1975, and then further adjourned and rescheduled for April 22, 1976 by division notice dated March 16, 1976. In the interim, various motions for discovery and other pretrial applications were ruled upon and proceedings conducted. On March 19, 1976 respondents instituted an article 78 proceeding (also in the nature of prohibition) to dismiss the complaint contending that the institution of a Federal civil action by the complainants in the Western District of New York divested the division of jurisdiction over these complaints. On April 6, 1976 Special Term stayed all proceedings before the division pending a final determination of the article 78 proceeding, and on July 22, 1976 it dismissed respondent's petition. This order was unanimously affirmed by this court on December 9, 1977. By order of May 17, 1978 Special Term dismissed the instant article 78 proceeding and stayed the continuation of proceedings pending determination of the appeal. We hold first that the complaints were timely filed. They do not charge the occurrence of a single, discrete, unlawful discriminatory act which would require filing within one year after its commission (Executive Law, § 297, subd 5). The complaints allege an ongoing policy or practice of discrimination reaching into many different aspects of employment, including denials of advancement by *reason of race*, color or religion (see 9 NYCRR 465.3 [e]; see, also, *Matter of Russell Sage Coll. v State Div. of Human Rights*, 45 AD2d 153, affd 36 NY2d 985). Moreover, respondents waived this objection by failing to raise the issue in their first article 78 proceeding. Secondly, the division has not been divested of jurisdiction because of delay and noncompliance with Executive Law (§ 297, subds 2, 4, par a, as amd by L 1977, ch 729, §§ 1, 2). We have held under the amended statute that these time limits are directory and not mandatory *(Matter of Xerox Corp. v Kramarsky,* 69 AD2d 1009; *State Div. of*

*Human Rights v Genesee Brewing Co.,* 67 AD2d 1078). The chronology of events of this case demonstrate the rationality of our holdings. The delays after the division scheduled the first hearing on October 15, 1975 were due to the protracted manipulation of prehearing legal maneuvers and devices by both complainants and respondents. After March 19, 1976 the collateral proceedings initiated by respondents frustrated the speedy determination of this dispute. There is no evidence here of protracted administrative delay by the division. If the time periods were deemed mandatory, it would be necessary in each case that the time limits were exceeded to divest the division of jurisdiction, regardless of the identity of the party chargeable with the delay. Although the more liberal time periods adopted by the Legislature may be utilized as one of the tests of reasonableness for the delay (see *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 61 AD2d 25, 30), no administrative delay can be charged to the division after August 5, 1977, the effective date of the amendments. Respondents claim that they have been prejudiced by reason of the delay. However, they have made no showing of an egregious delay which would constitute prejudice as a matter of law (cf. *State Div. of Human Rights v Board of Educ.,* 53 AD2d 1043, affd 42 NY2d 862). Respondents have failed to show a clear right to the relief and must exhaust their administrative remedies *(Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 39). This is not to say that in a proper case article 78 relief in the nature of prohibition is not an available remedy (see *Matter of Liverpool Cent. School Dist. v State Div. of Human Rights,* 46 AD2d 1004; cf. *Matter of Tessy Plastics Corp. v State Div. of Human Rights, supra; State Div. of Human Rights v Board of Educ., supra,* p 1044). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.