■    In the Matter of XEROX CORPORATION, Respondent, v WERNER KRAMARSKY, as Commissioner of the New York State Division of Human Rights, et al., Appellants.—Judgment reversed, without costs, and petition dismissed. Memorandum: In this article 78 proceeding in the nature of prohibition, petitioner seeks to restrain the State Division of Human Rights from conducting a public hearing on a complaint of unlawful discrimination for its failure to comply with the statutory time period for the issuance and service of a notice of hearing after a finding of probable cause (Executive Law, § 297, subd 4, par a, as amd by L 1977, ch 729, § 2). The verified complaint was filed on September 3, 1976 and probable cause was found by the regional director on September 21, 1977. A public hearing was noticed on August 4, 1978—690 days after the filing of the complaint, 320 days after the finding of probable cause and 366 days after August 5, 1977, the effective date of the amendment to section 297 (subd 4, par a) of the Executive Law. Under the amendment, the time limitation for the issuance and service of a notice by the division fixing the date and place of a public hearing was increased from 60 to 270 days after a complaint is filed. Petitioner's claim is based exclusively on the legal ground that the division failed to comply with the new statutory mandates of the Human Rights Law (Executive Law, art 15). It does not seek prohibition on the equitable ground of laches and prejudice. It maintains that the new time limitations are mandatory rather than directory and are jurisdictional in nature. We have held that under the amended statute these time limitations are directory and that the division is not divested of jurisdiction because of its failure to comply with the more liberal time periods allowed under the 1977 amendments to the Executive Law *(State Div. of Human Rights v Genesee Brewing Co.,* 67 AD2d 1078; *State Div. of Human Rights v Pennwalt Corp., Pharmaceutical Div.,* 66 AD2d 1006). As we stated in *Pennwalt* (p 1007), "It remains the rule under the amended statute that these time limits are directory and not mandatory, and that absent a showing of substantial prejudice or such egregious delay as will constitute prejudice as a matter of law, 'delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it' [citation omitted]". Under the facts of this case, prohibition is not an appropriate vehicle for challenging the division's jurisdiction where petitioner has not exhausted its administrative remedies *(Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36; *Matter of Richards v Mangum,* 35 AD2d 124). However, "This is not to say that in a proper case article 78 relief in the nature of prohibition is not an available

remedy" *(State Div. of Human Rights v Monroe Dept. of Social Servs.,* 69 AD2d 996). Egregious delay may deprive the division of jurisdiction as a matter of law without evidence of prejudice (see, generally, *La Rocca v Lane,* 37 NY2d 575). All concur, Moule, J., in the following memorandum.

Moule, J. (dissenting). Although I believe that the language of section 297 of the Executive Law is mandatory and not directory, I concur under constraint of our prior decisions in *State Div. of Human Rights v Genesee Brewing Co.* (66 AD2d 1019) and *State Div. of Human Rights v Pennwalt Corp., Pharmaceutical Div.* (66 AD2d 1006). It should be emphasized that in the memorandum herein and in *State Div. of Human Rights v Monroe County Dept. of Social Servs.* (69 AD2d 996), we reiterate that egregious delay may deprive the division of jurisdiction. Until such time as the Legislature expressly declares the time periods in section 297 of the Executive Law to be mandatory rather than directory, as this court has construed them, an employer may only be relieved from the burden of administrative delay where such delay is egregious. In determining whether the delay in a particular case is egregious the size of the employer and the financial impact upon it should be considered. It is conceivable that in some instances the delay may increase the amount of the claim to such extent that, if allowed, it would put the employer out of business and his employees out of work. (Appeal from judgment of Monroe Supreme Court—art 78.) Present— Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.