■ STATE DIVISION OF HUMAN RIGHTS Respondent, v JARL EXTRUSIONS, INC., Petitioner.—Order of appeal board unanimously affirmed, without costs. Memorandum: In this proceeding under section 298 of the Executive Law, petitioner seeks review and annulment of a determination by the State Human Rights Appeal Board which vacated a determination by the State Division of Human Rights that there was no probable cause to believe that petitioner engaged in an unlawful discriminatory employment practice based upon race and color. The appeal board remanded the matter to the division for further proceedings. Initially, we find no merit to respondent's claim that the proceeding is not properly before us. The appeal board's order, though nonfinal, is reviewable in this court as of right (Executive Law, § 298; *Matter of New York City Housing Auth. v State Div. of Human Rights,* 53 AD2d 844; 845; cf. *State Div. of Human Rights v Genesee Brewing Co.,* 67 AD2d 1078; *Winthrop Labs. Div. of Sterling Drug v New York State Human Rights Appeal Bd.,* 61 AD2d 848). Petitioner argues that the appeal board erred in concluding that the division's determination was arbitrary and capricious. We disagree. Subsequent to the finding that the complaint was without probable cause but prior to the argument before the appeal board, the division requested that the appeal board remand the matter for further investigation. The basis for that request is amply supported in the record. The division's initial determination of no probable cause was based upon an incomplete investigation and the complainant was not given a full opportunity to present his contentions. In such circumstances the appeal board properly vacated the division's determination (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332; *State Div. of Human Rights v Genesee Hosp.,* 46 AD2d 729). Petitioner also argues that the division is divested of jurisdiction because the board failed to decide the appeal within 270 days as required by subdivision 4 of section 297-a of the Executive Law. While the delay here exceeded the allowable period by almost six months, we reiterate that such time limits are directory and not mandatory and that "absent a showing of substantial prejudice or such egregious delay as will constitute prejudice as a matter of law 'delay attributable solely to the administrative agency

should not operate to foreclose relief to an innocent complainant who is not responsible for it' *(Matter of Tessy Plastics Corp. v State Div. of Human Rights, 62 AD2d 36, 40)." (State Div. of Human Rights v Pennwalt Corp., Pharmaceutical Div., 66 AD2d 1006; Matter of Xerox Corp. v Kramarsky, 69 AD2d 1009; State Div. of Human Rights v Monroe County Dept. of Social Servs., 69 AD2d 996; State Div. of Human Rights v Genesee Brewing Co., 67 AD2d 1078.)* Petitioner makes no claim of actual prejudice resulting from the delay and we do not conclude at this stage of the proceedings that the delay was so egregious as to constitute prejudice as a matter of law. (Executive Law, § 298.) Present—Dillon, P. J., Cardamone, Callahan, Doerr and Moule, JJ.