■ In the Matter of JEREMIAH J. CALLAGHAN, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the New York State Human Rights Appeal Board dated July 9, 1979, which dismissed the instant complaint after a determination by the New York State Division of Human Rights that there was no probable cause that the respondent Montedison USA, Inc., had engaged in unlawful discriminatory practices, confirmed, on the merits, without costs. Following the dismissal of petitioner's complaint by the Division of Human Rights, petitioner timely filed a notice of appeal to respondent board. The board dismissed the appeal, without reaching the merits. It decided that the division had unreasonably exceeded the statutory time limit of 180 days (Executive Law, § 297, subd 2) from the filing date of a complaint to the date of its final order and determination, and that this violation was fatal so as to require statutory dismissal pursuant to section 297-a (subd 7, par c) of the Executive Law on

the theory that the statutory time limits of the amended law are mandatory, in the nature of a Statute of Limitations. The extended time limits provided by the recent amendment of section 297 (L 1977, ch 729, §§ 1, 2) are directory, not mandatory *(State Div. of Human Rights v Pennwalt Corp., Pharm. Div.* 66 AD2d 1006), and "absent a showing of substantial prejudice or such egregious delay as will constitute prejudice as a matter of law, 'delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it' ". *(State Div. of Human Rights v Pennwalt Corp., Pharm. Div., supra,* 1007, citing *Matter of Tessey Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 40, affd 47 NY2d 789.) Here, there is no claim or evidence of actual prejudice to petitioner's employer, nor is there any claim or evidence of delay by petitioner-complainant. See, also, the determination in *Matter of Navarro v State Human Rights Appeal Bd.* (72 AD2d 680) concerning the failure of the New York State Human Rights Appeal Board to reach the issue on the merits. Nonetheless, we have examined the contentions of the petitioner and confirm the findings of the New York State Division of Human Rights, doing that which the New York State Human Rights Appeal Board should have done. There was no discrimination on the ground of age or national origin. Concur—Kupferman, J. P., Birns, Sullivan, Lane and Ross, JJ.