■  In the Matter of ABELARDO NAVARRO, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Order of the State Human Rights Appeal Board, dated April 16, 1979, which dismissed petitioner's appeal, without reaching the merits, and the order dated May 16, 1979, which denied petitioner leave to reopen the appeal, unanimously annulled, on the law, without costs or disbursements, and the proceeding remanded to the State Human Rights Appeal Board for a determination on the merits. On December 8, 1978, the State Division on Human Rights determined that there was no probable cause for petitioner's complaint that petitioner's employer, the Park Lane Hotel, had discriminated against him on the basis of his race, color or national origin. Following the dismissal of petitioner's complaint, petitioner timely filed a notice of appeal to respondent board on December 18, 1978 (within 15 days as required by Executive Law, § 297-a, subd 6, par c); but respondent board dismissed the appeal, without reaching the merits, on April 16, 1979, because the division did not forward the original record to the board within 15 days of request (there is no statutory requirement that the division send the record to the board within 15 days);* the board on May 16, 1979, denied petitioner's motion to reopen the appeal for the very same reason. Apparently, the board's rationale for such a holding is subdivision 4 of section 297-a of the Executive Law which requires the respondent to determine an appeal within 270 days of the filing date. But, in the case at bar, the appeal was dismissed after the lapse of only *117 days.* Moreover, subdivision 6 of section 297-a provides, in pertinent part: "The board shall have power, and *it shall be its duty:* * * * e. To require the submission to it from the division of an original or certified copy of the entire record on which any order appealed from is based". (Italics added.) Thus, the onus is on the board to secure the record. Finally, the 270-day requirement was not even close to its expiration when this appeal was

---

* (By letter dated July 3, 1979, the division informed this court that it never agreed to absolutely commit itself to file every record with the board within 15 days of request.)

dismissed, and whether or not the 270-day period is precatory or mandatory (see Matter of Callaghan v State Div. of Human Rights, 72 AD2d 679), this appeal was prematurely dismissed. We note even at this late date, by letter dated September 6, 1979, petitioner's employer, Park Lane Hotel, takes no position in this matter and does not claim any prejudice as the result of delay. Concur—Kupferman, J. P., Birns, Sullivan, Lane and Ross, JJ.