■ In the Matter of GENERAL RAILWAY SIGNAL COMPANY, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Appellants.—Judgment reversed, without costs, and petition dismissed. Memorandum: On February 19, 1976, Elizabeth Cirelli filed a complaint with the State Division of Human Rights (Division) charging that her employer, General Railway Signal Co., Inc. (General Railway), had unlawfully discriminated against her in her employment because of her sex. Specifically, she alleged that her foreman, Mr. Becker, did not adequately train her, tried to force her to take a lower paying position, and harassed her all on account of her sex. On June 13, 1977, 462 days after the complaint was filed, the Division found probable cause to believe that the alleged discrimination had occurred and recommended a public hearing. On May 15, 1978, 766 days after the complaint was filed, the Division issued a notice of public hearing scheduled for May 31, 1978. Shortly after General Railway received the notice of public hearing it commenced the instant article 78 proceeding seeking a writ of prohibition to divest the Division of jurisdiction (1) based upon the Division's failure to comply with the statutory time schedules set forth in section 297 of the Executive Law which it maintained were mandatory; and (2) on account of alleged actual prejudice suffered by the employer as a result of the Division's delay due to the unavailability of its key witness, Mr. Becker. He had left the company's employment and moved to Virginia on March 13, 1977, during the almost 27-month period in which the complaint had been pending, and refused to return to testify at the hearing. Special Term granted the writ and the Division appeals. We reverse. Although we note that the Division failed to act within the time schedules specified in section

297 (subds 2, 4, par a) of the Executive Law and the delay herein exceeded the allowable periods by nearly 18 months, we reiterate the rule that these time limitations are directory and not mandatory and that the Division is not divested of jurisdiction because of its failure to comply with them (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Matter of Xerox Corp. v Kramarsky,* 69 AD2d 1009; *State Div. of Human Rights v Monroe County Dept. of Social Servs.,* 69 AD2d 996; *State Div. of Human Rights v Genesee Brewing Co.,* 67 AD2d 1078; *State Div. of Human Rights v Pennwalt Corp. Pharm. Div.,* 66 AD2d 1006). Petitioner further makes a claim of actual prejudice resulting from the delay. Although there appears to be some merit to petitioner's claim of actual prejudice, such contention, if it be valid, is one of erroneous exercise of authority rather than of excess of jurisdiction. In cases of this nature the remedy for asserted error of law in the exercise of jurisdiction or authority by the State Division of Human Rights "lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law" (*Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, 791; *Matter of Xerox Corp. v Kramarsky, supra*). The "continuation of proceedings before the division after a delay creating substantial prejudice to a respondent would constitute at most an 'erroneous exercise of authority' " and such delay would not divest the Division of jurisdiction (*Matter of Sarkisian Bros. v State Div. of Human Rights, supra,* p 818). Accordingly, on the record before us we conclude that the extraordinary remedy of prohibition does not lie at this stage of the proceedings. All concur, except Schnepp and Moule, JJ., who dissent and vote to affirm in the following memorandum.

Schnepp and Moule, JJ. (dissenting). The Court of Appeals has recently reaffirmed the rule that failure to comply with the time limitations of section 297 of the Executive Law does not alone divest the State Division of Human Rights of jurisdiction (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816). The court stated that the mere passage of time does not indicate substantial prejudice. Delay, however, occasioned by an egregious violation of the time limitations coupled with a showing of actual injury becomes jurisdictional and may justify a grant of prohibition. Here there is a showing of actual prejudice; the Division's delay resulted in the unavailability of petitioner's key witness, the very person charged with responsibility for the discriminatory acts. Accordingly, we dissent and vote to affirm the judgment of Special Term which granted prohibition. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ. [95 Misc 2d 260.]