■ ORENSTEIN SNITOW SUTAK & POLLACK, P. C., Appellant, v WILLIAM CHAZEN et al., Respondents.—Order, Supreme Court, New York County, entered June 29, 1979, reversed, so far as appealed from, on the law, and plaintiff-appellant's motion for summary judgment dismissing defendants-respondents' counterclaims granted, with costs and with disbursements. The suit is for fees for legal services rendered by plaintiff professional corporation. Counterclaims are asserted for breach of contract, negligent malpractice, and misrepresentation. No details in any of these categories are set forth in opposition to the motion, and Special Term explains denial of the motion: "facts essential to justify opposition to the motion are exclusively within the knowledge and control of plaintiff." This does not appear from the recital in defendants' papers. There are many conclusory allegations, stated in broad generalities, lacking details in respect of the counterclaims. Nor is there any indication that defendants' lack of knowledge as to these claims will be improved by discovery. Particularly as to alleged malpractice, the affidavit states that this charge is based on the opinion of "some other attorney," who is not named. Indeed, far from being ignorant of the matters, the affiant stated that "other instances of malpractice [are omitted] for the sake of brevity." Nothing having been presented to indicate existence of an issue to be tried, the motion should have been granted. (See *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342.) Concur—Birns, J. P., Fein, Sullivan, Markewich and Lynch, JJ.

■ ROSA E. NALES, Petitioner, v IRMA V. SANTAELLA et al., Respondents.—Determination of the New York State Human Rights Appeal Board, dated August 7, 1979, dismissing, *sua sponte,* the complaint on the ground that the New York State Division of Human Rights exceeded the statutory time limit for deciding the case, unanimously confirmed on the merits, without costs or disbursements. In circumstances similar to those presented here, we have already ruled that the time limit for determination of a complaint filed with the State division is directory rather than mandatory. (See *Matter of Callaghan v State Div. of Human Rights,* 72 AD2d 679; see, also, *Matter of Navarro v State Human Rights Appeal Bd.,* 72 AD2d 680.) Accordingly, the complaint should not have been dismissed by the appeals board without a review of the merits. As in *Callaghan (supra),* we have, however, reviewed the merits and find that the division's dismissal of the complaint after hearing was supported by substantial evidence. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lynch, JJ.