■ In the Matter of VERONICA JOSEPH, Petitioner, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents.—Order of the State Human Rights Appeal Board, dated August 7, 1979, annulled, on the law, and the order of the State Division of Human Rights, dated June 18, 1979, unanimously confirmed, on the merits, without costs and without disbursements. Petitioner, a registered nurse at New York University Medical Center, filed a complaint in March, 1975 with the State Division of Human Rights alleging discriminatory practices based upon race and color on the part of her employer. After investigation, probable cause was found by the division

in December, 1976, and a hearing was scheduled. The hearing commenced in September, 1977 and continued intermittently until January, 1979. In June, 1979, the division held that the petitioner had failed to establish discrimination. On petitioner's administrative appeal to the State Appeal Board, the latter annulled the determination of the division and dismissed petitioner's complaint without reaching the merits, on the ground of undue administrative delay. Petitioner initiated the instant proceeding to review that determination. Patently, on this record, there was no actual prejudice suffered by New York University Medical Center in consequence of administrative delay, as it was fully able to put in its case and successfully defended against petitioner's claim throughout the hearing. The delay herein, when viewed against the record, did not constitute prejudice to New York University Medical Center as a matter of law. Accordingly, the determination of the State Appeal Board must be annulled (see *State Div. of Human Rights v Pennwalt Corp., Pharm. Div.,* 66 AD2d 1006; *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 40, affd 47 NY2d 789). However, on this full record, review of the merits rather than remand to the appeal board avoids needless circuity of action, as it is quite clear that the determination of the State Division of Human Rights embodied in its order of June 18, 1979 must be upheld (i.e., it is amply supported by substantial evidence and is not arbitrary or capricious) (see *Matter of Callaghan v State Div. of Human Rights,* 72 AD2d 679). Concur—Kupferman, J. P., Ross, Lupiano, Bloom and Yesawich, JJ.