■ In the Matter of PAMELA BALDWIN, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—The determination of the New York State Human Rights Appeal Board, dated July 9, 1979, annulling the order of the New York State Division of Human Rights rendered on May 28, 1979 and dismissing the complaint after a determination by the Division of Human Rights that there was no probable cause that the respondent, Equitable Life Assurance Society, engaged in unlawful discriminatory practices, vacated, on the law, and the order of the State Division of Human Rights, dated May 28, 1979, confirmed on the merits, without costs and disbursements. On petitioner's administrative appeal, following the dismissal of her complaint by the State Division of Human Rights, the appeal board annulled, without reaching the merits, on the ground that the division had exceeded the statutory time limit from the filing of the complaint to the date of its final order and determination (Executive Law, § 297-a, subd 7, par c). It has been repeatedly held that the extended time limits provided by the recent amendment of section 297 are directory, not mandatory *(State Div. of Human Rights v Pennwalt Corp., Pharm. Div.,* 66 AD2d 1006), and that "absent a showing of substantial prejudice or such egregious delay as will constitute prejudice as a matter of law, 'delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it' " *(State Div. of Human Rights v Pennwalt Corp., Pharm. Div., supra,* p 1007, citing *Matter of Tessey Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 40, affd 47 NY2d 789). Here, there is no evidence of delay by petitioner complainant or of prejudice to petitioner's employer. Accordingly, we have examined the contentions of the petitioner and confirm the findings of the New York State Division of Human Rights, doing that which the New York State Human Rights Appeal Board should have done (see *Matter of Callaghan v State Div. of Human Rights,* 72 AD2d 679). There was no discrimination on the ground of national origin. Concur—Fein, J. P., Sullivan, Lupiano, Silverman and Carro, JJ.