■ In the Matter of ST. ELIZABETH HOSPITAL, Respondent, v WERNER H. KRAMARSKY, as Commissioner of the New York State Division of Human Rights, et al., Appellants. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Appellants seek review of Special Term's grant of respondent's CPLR article 78 petition for an order in the nature of prohibition divesting the division of jurisdiction and denial of appellants' cross motion to dismiss the petition. In her complaint dated July 29, 1976, complainant Greene, a black, alleged that on July 26, 1976 respondent and Dr. Mascitelli, a physician in its employ, denied her the accommodations, advantages, and privileges of a place of public accommodation in violation of section 296 (subd 2, par [a]) of the Executive Law. She claimed that Dr. Mascitelli who worked in the emergency room of respondent and who had been treating complainant for two weeks for a back injury, uttered racial slurs while denying her request for a note excusing her from work for two more weeks. On May 24, 1978, 636 days after the complaint was filed, the division found probable cause. On September 21, 1979, 1,149 days after the filing of the complaint, the division issued a notice of public hearing scheduled for November 20, 1979. Soon thereafter, respondent commenced this proceeding claiming that the division was divested of jurisdiction as a matter of law due to egregious delay beyond the time schedules specified in section 297 of the Executive Law and actual prejudice to respondent as a result of the delay because three of the four witnesses to the incident, including Dr. Mascitelli, have left its employ. Although the division's delay in proceeding far exceeds the time limits specified in section 297 (subds 2, 4, pars a, c) even after their extension by amendment (L 1977, ch 729, §§ 1, 2) the time schedules are directory only, and absent " 'some showing of substantial prejudice, noncompliance with such schedules does not operate to oust the division of the jurisdiction conferred on it by the Human Rights Law' " *(Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818, quoting *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380-381). Even where there is a claim of actual prejudice, the respondent must seek relief " 'first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law' " *(Matter of General Ry. Signal Co. v New York State Div. of Human Rights,* 73 AD2d 834, 835, affd 51 NY2d 763, quoting *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, 791). It was error, therefore, to grant the extraordinary remedy of prohibition. (Appeal from judgment of Oneida Supreme Court — art 78.) Present — Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.